ROGERS v. ROGERS.

WILLS—LEGACIES—ADEMPTION—PAROL EVIDENCE.—A legacy of all the
claims held by testator against his father and all his interest in his
estate is a specific legacy, and collection of same during the lifetime
of testator by him by taking bond and mortgage of land sold by order
of Court to pay debts of father, adeems the legacy, and parol evi-
dence is not admissible to show that testator intended such bond
and mortgage to go to legatees in lieu of the claims bequeathed.

Before KLUGH, J., Marlboro, November, 1902. Affirmed.

Action by Lizzie Rogers, Minnie Rogers and Annie
Rogers against Minnie B. Rogers, executrix of F. B. Rogers,
and Hattie Rogers and F. B. Rogers. From Circuit decree,
plaintiffs appeal.

*Mr. J. H. Hudson,* for appellants, cites: *Legacy is pecu-
niary and demonstrative:* 2 Leading Cas. in Eq., 506; Speer
Eq., 48. *If specific it was not adeemed:* 13 S. C., 513. *As
to declarations of testator:* 1 Roper on Legacies, 346-409;
5 Am. R., 498; 2 Am. St. R., 462; 8 S. E. R., 73; 2 Lead-
ing Cas. in Eq., 501.

*Messrs. J. M. Johnson* and *T. W. Bouchier*, contra.    *Mr. Johnson* cites: *As to specific legacy:* 7 L. R. A., 390; 3 DeS., 47.

*Mr. Bouchier* cites: *Legacy is specific and doctrine of ademption applies to it:* 1 Ency., 623, 624; 28 S. C., 317; 3 Vem., 688; 2 Williams on Exors., 849; 2 Strob. Eq., 9; 3 Strob. Eq., 2; Bail. Eq., 397; 13 Ency., 10. *Parol evidence not admissible to show intent of testator:* Speer. Eq., 84; 13 Ency., 1 ed., 16, 17, 18.

July 20, 1903.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    This appeal comes from an order sustaining a demurrer to the complaint for insufficiency, and involves inquiry whether the Circuit Court erred in holding that the legacy claimed is specific and has been adeemed under the allegations of the complaint.    The compaint alleges that Frank B. Rogers, late of Marlboro County, died September 4th, 1893, leaving his last will and testament, and that the defendant, Minnie B. Rogers, his wife, duly qualified as executrix thereof, that plaintiffs are sisters of the testator, and that said will contained the following clause with respect to them: "I will, devise and bequeath unto my three sisters, Sarah Elizabeth Rogers, Minnie Rogers and Annie L. Rogers and their heirs and assigns' forever the claims of every kind and description which I hold against the estate of my father, Henry J. Rogers, deceased, together with all interest I have in said · estate as heir-at-law of my said father."

The complaint further alleges: "IV. The will of the said testator, F. B. Rogers, was executed on the 18th day of March, 1891, and at that time the estate of his said father, Henry J. Rogers, was indebted to the said testator in the sum of $775.68, with interest from January 1st, 1890, by note of hand, and in the sum of $302.92, with interest from November 1st, 1890, by note of hand, and in the further sum of $153.90, by open account.

"V. On the 20th day of December, A. D. 1890, Henry J. Rogers died intestate, leaving but a very small personal estate, but seized and possessed of a tract of about 1,400 acres of land, and owing perhaps $1,500, the greater part of which was due to F. B. Rogers upon an open account and notes aforesaid. Under proceedings instituted to settle the estate of Henry J. Rogers, it was by agreement of the family arranged that a tract of land containing 272 acres should be sold for cash to pay the aforesaid indebtedness to F. B. Rogers and the other small debts of the estate. Accordingly, the said land was sold by the clerk of this Court on November, 1891, and bid off by Julius E. Rogers, at and for the sum of $2,000, which sum was paid to the clerk by F. B. Rogers by receipting to the clerk for the amount of the claims he held against his father, H. J. Rogers, and which had been duly established before said clerk under an order calling in creditors, and the difference was paid by said F. B. Rogers in cash to the other distributees and creditors. Then the said F. B. Rogers took from the purchaser, Julius E. Rogers, his bond for $2,000, payable in equal annual instalments, with interest on the whole payble annually, and in this way he invested in this bond and mortgage the indebtedness of his father, which he had bequeathed to these plaintiffs, and during his life held the same for them as and for and in full substitution of the said indebtedness, and as representing said bequest.

"VI. That the said indebtedness was never, in fact, collected by F. B. Rogers in his lifetime, but the form of the security was changed as aforesaid in the winding up and settlement of the estate of his father—a change rendered necessary by that contingency, and made by F. B. Rogers with a special view of securing to and reserving for these plaintiffs the legacy given them in his will, and ever thereafter during his life so stated and acknowledged. * * *"

Upon demurrer the Circuit Court held the alleged legacy to be specific, and that the complaint shows that it has been adeemed. The contention of appellants' counsel is (1) that

the legacy is not specific, but is a pecuniary demonstrative legacy; (2) that if specific, it has not been adeemed under the facts stated.    General, specific and demonstrative legacies are thus defined in 18 Ency. of Law, 711, 714, 721: "A general legacy is one which is payable out of the general assets of the testator's estate, being a gift of money or other thing in quantity, and not in any way separated or distinguished from other things of like kind."    "A specific legacy is a gift by will of a specific article or part of the testator's estate which is identified and distinguished from all other things of the same kind, and which may be satisfied only by delivery of the particular thing."    "A demonstrative legacy is a gift of money or other fundable goods charged as a particular fund in such a way as not to amount to a gift of the corpus of the fund, or to evince an intent to relieve the general estate from liability in case the fund fails."

The following statement by the Court of Appeals of New York, in *Crawford* v. *McCarthy,* 54 N. E. Rep., 278, is worth reproducing: "A general legacy is a gift of personal property by a last will and testament not amounting to a bequest of a particular thing, or money, or of a particular fund designated from all others of the same kind.    A specific legacy is a bequest of a specified part of a testator's personal estate distinguished from all others of the same kind.    A demonstrative legacy is a bequest of a certain sum of money, stock, or the like, payable out of a particular fund or security.    For example, the bequest to an individual of the sum of $1,500 is a general legacy.    A bequest to an individual of the proceeds of a bond or mortgage particularly describing it, is a specific legacy.    A bequest of the sum of $1,500 payable out of the proceeds of a specified bond or mortgage, is a demonstrative legacy.    A demonstrative legacy partakes of the nature of a general legacy by bequeathing a specific amount, and also of the nature of a specific legacy by pointing out the fund from which the payment is to be made, but differs from a specific legacy in the particular that if the fund pointed out for the payment of

the legacy fails, resort may be had to the general assets of the estate. Willard Eq. Jur., 502, 503 ; 2 Bouv. Law. Dict., Rawles' ed., 161."

In *Pell* v. *Ball,* Speer's Eq., 48, it is said: "Whether a legacy is specific or not, must necessarily depend upon the nature of the thing referred to and described in the will. If the thing be capable of individuality, as a ring or picture, or if it be an assemblage of things, as a library or cabinet, or something capable of being separated by sensible distinctions, as the property on a particular estate, in all such cases the descriptions in the will set forth with distinctness the subject of bequest and make it specific. * * * It may be safely affirmed, I think, that whether a bequest couched in general terms is specific or otherwise, depends on this : if the things falling within the terms when enumerated (or if they had been enumerated by the testator) are in their nature specific, then the legacy is specific, otherwise it is not." In that case, the testator gave and bequeathed to his wife, "all property, personal and real, that I received or may receive hereafter from her father's estate, or from any of her relations and sources owing to my marriage with her," was held to be a pecuniary legacy and not a specific legacy, because the testimony, which was competent for that purpose, showed that every dollar received from the sources mentioned was in money. In the case of *McFadden* v. *Hefley,* 28 S. C., 317, 5 S. E., 812, the Court, quoting with approval the foregoing language taken from Pell *v.* Ball, held that a bequest of "all horses, mules, cows, hogs, wagons, farming implements, household and kitchen furniture on said plantation" whereon testator resided, was a specific legacy. In that case there was a gift of things, other than money, in their nature specific, and so located as to be capable of identification. That is certain, which may be rendered certain. On the other hand, in *Boykin* v. *Boykin,* 21 S. C., 513, a legacy of "$2,000 in six per cent. stocks of the State of South Carolina," was held to be a demonstrative legacy. The Court saying: "The gift was in dollars; not in any particular dollars, earmarked

and identified, but such a number of dollars; and that makes what is called a demonstrative legacy * * *."

From the foregoing it appears that in order to constitute a pecuniary demonstrative legacy, two things are necessary: (1) there must be a gift of a certain sum of money; (2) with reference to a particular fund as a primary but not exclusive source of payment. The legacy in question is specific, because the debts or claims given, whether considered with reference to the evidences thereof, or with reference to the money that may be received thereon, are particularly distinguished and separate from all other property of the testator. The claims are designated as those which the testator *holds* against the estate of his father, things easily identifiable and, in fact, particularly described in the complaint. In the event such claims were in the hands of the executor of testator, the bequest could have been fully carried out by a transfer of the notes and accounts to the legatees, or in the event these claims had been collected by the executor, by a delivery of the proceeds to the legatees. The legacy is not demonstrative, because no definite sum of money is given, with designation of a particular fund as primary source of payment. It is true, a source of payment is designated, the estate of testator's father, but only in the sense of being the exclusive source of payment; whereas, to make a legacy demonstrative, the gift must be chargeable upon a particular fund in such a way as not to be a gift of the specific fund. Every legacy of a debt is in a sense a gift of whatever money may be realized therefrom, but in such case the gift is of the specific fund or proceeds, and is not a mere designation of the fund as primary source of payment, with right in case of failure of such fund to fall back upon the general assets of the testator.

The doctrine of ademption only applies to specific legacies. Specific legacies are adeemed when the thing bequeathed is, in the lifetime of the testator, lost, disposed of, or so substantially changed or altered as not to exist in specie when the will takes effect. *Goddard* v. *Wagner,* 2 Strob. Eq., 1, 1

Ency. Law, 2 ed., 623, 627, and authorities cited in the notes. In the case of a legacy of a debt or claim, if the specific thing is disposed of or extinguished, the legacy is adeemed. The complaint shows that in the lifetime of the testator the claims which he held against the estate of his father which were bequeathed to the plaintiffs, were absolutely extinguished as claims against his father's estate by settlement with an officer of the Court selling lands of his father for the payment of such claims. The settlement between F. B. Rogers, the testator, and the clerk of the Court as to the "claims" which were bequeathed, was not a mere renewal of the original obligations, not even a substitution of a new form of security for the same debt, but was an actual collection of the claims by the testator in his lifetime, so as to discharge them completely. The bond and mortgage which the testator took from Julius E. Rogers was a wholly different thing from that which was specifically bequeathed to plaintiffs.

The case of *Pell* v. *Ball,* 1 Speer's Eq., at page 78, shows that while evidence intended to ascertain the thing actually described in the will is admissible, it is not permissible to show by extrinsic evidence that the testator intended by his will to refer to a thing which his will does not describe, the effect of the latter evidence being to set aside the will and substitute extrinsic evidence in its place. Under this principle, it could not avail plaintiffs that the testator believed and declared that the Julius E. Rogers bond and mortgage was held in substitution of the claims against the estate of his father, which were specifically bequeathed, as this would be equivalent to making a new will by parol, in conflict with the statute requiring a will to be in writing, with other formalities.

The judgment of the Circuit Court is, therefore, affirmed.