## WHITE v. WHITE.

WILLS—LEGACIES.—Bequests of specific sums with direction that they be paid out of certain insurance policies, there being no words in the will evincing an intention to relieve the general estate from liability in case the fund failed, are demonstrative legacies.

Before WATTS, J., Sumter, fall term, 1905.   Reversed.

Action by Anthony White *et al.,* executors of Anthony White, and Mary A. White, administratrix of Eliz. White, against Elizabeth White *et al.* The proceeds realized from the insurance policies were not sufficient to pay the legacies in full. From circuit decree, defendants appeal.

*Messrs. Lee & Moise,* for appellants, cite: *Legacies are demonstrative:* 2 Williams on Eq.; 4 Am. ed., secs. 1132, 995, 994, 996; Spears Eq., 475; 11 Am. Dec., 456; 21 S. C., 532; 67 S. C., 168.

*Messrs. Cooper & Fraser,* contra, cite: *Are these legacies specific:* Chev. Eq., 140; 1 Ves., 688; 5 Ves., 150; Spears Eq., 84; 2 Strob. Eq., 9; 18 Ency., 716-717; 21 S. C., 532; 67 S. C., 173; 48 S. C., 413.

February 19, 1906.   The opinion of the Court was delivered by

Mr. Justice Gary.   The question presented by the exceptions is whether his Honor, the Circuit Judge, erred, in construing the legacies mentioned in the following provisions of the testator's will to be specific, to wit: "I will and ordain that my Executors shall collect the Insurance policies on my life. *And From This Said Amount,* pay the sum of two hundred dollars each to Wm. J. Corbett, Henry Corbett and L. George Corbett, children of my deceased sister, Agnes W. Corbett.

"The sum of three hundred dollars to be divided among the children of my deceased sister, Hannah B. Kirven; three hundred dollars to be divided among the children of my deceased sister Sarah Haynesworth.

"That they pay the sum of one hundred dollars *Each* to J. Grier White, and his sister, Mary White children of my old friend and partner, A White, deceased, and one hundred dollars each to Margie White and her brother Purvis White, children of J. Knox White."

The rules for determining whether a legacy is specific or demonstrative are clearly stated by Mr. Justice Jones, in the recent case of *Rogers* against *Rogers,* 67 S. C., 168, 45 S. E., 176.   General, specific and demonstrative legacies are thus defined in 18 Enc. of Law, 711, 714 and 721: "A general legacy is one which is payable out of the general assets of the testator's estate, being a gift of money or other thing in quantity and not in any way separate or distinct from other things of the like kind."   "A specific legacy or devise is a gift by will of a specific article or part of the testator's estate, which is identified and distinguished from

all other things of the same kind, and which may be satisfied only out of the particular thing." "A demonstrative legacy is a gift of money or other fundable goods, charged on a particular fund, in such a way as not to amount to a gift of the *corpus* of the fund or to evince an intent to relieve the general estate from liability in case the fund fails."

In *Crawford* v. *McCarthy*, 54 N. E. Rep. (N. Y.), 278, the principles are thus stated: "A demonstrative legacy is a bequest of a certain sum of money, stock or the like, payable out of a particular fund or security. For example, the bequest to an individual of the sum of $1,500 is a general legacy. The bequest to an individual of the proceeds of a bond or mortgage, particularly describing it, is a specific legacy. A bequest of the sum of $1,500, payable out of the proceeds of a specific bond or mortgage, is a demonstrative legacy. A demonstrative legacy partakes of the nature of a general legacy, by bequeathing a specific amount, and also of the nature of a specific legacy, by pointing out the fund from which the payment is to be made, but differs from a specific in the particular that if the fund pointed out for the payment fails, resort may be had to the general assets of the estate."

Courts are averse to declaring a legacy specific unless the language of the will clearly shows that such was the intention of the testator.

Our construction of the foregoing provision of the will is, that the proceeds arising from the collection of the policies of insurance, were not bequeathed, but, on the contrary, the bequests consisted of the several sums of money therein mentioned, with the direction that they be paid out of the proceeds to be derived from the collection of said policies; that there are no words in the will evincing an intention to relieve the general estate from liability, in case the fund failed, and that the legacies are, therefore, demonstrative.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.