STATE v. CROSBY.

CRIMINAL LAW—COURT OF GENERAL SESSIONS—LARCENY OF LIVE STOCK.—The Court of General Sessions has jurisdiction of all cases of larceny of live stock.

Before TOWNSEND, J., Colleton, January, 1897.   Affirmed.

Indictment against George Crosby for larceny of a hog of the value of $8.   Defendant convicted, and appeals.

*Messrs. Griffin & Padgett* and *C. C. Tracy,* for appellant, cite: Acts of 1893, pp. 411, 506; Acts of 1894, 824; 1 Black, 459; 16 Pet., 342; 10 Baw., 448; 8 Cranch, 109; 1 Paine, 400; 3 McC., 306; 14 Rich., 247; 2 Bail., 554, 551; 8 S. C., 233; 14 Rich., 163.

*Messrs. Solicitor Bellinger, W. H. Townsend,* and *Howell & Gruber,* contra, printed no argument.

Jan. 5, 1898.   The opinion of the Court was delivered by MR. JUSTICE GARY.   The appellant was indicted, tried, convicted, and sentenced for the larceny of certain live stock, to wit: one hog, of the alleged value of $8.   The only question presented by the exception is, whether there was error on the part of the presiding Judge in refusing to charge the jury that the Court of General Sessions did not have jurisdiction of the case, unless the property alleged to have been stolen was above the value of $5.

The determination of this question involves a construction of the statute law upon the subject of the larceny of live stock and the provisions of the Constitution of 1895 relative to larceny.   Section 146 of the Criminal Code is as follows: "Any person found guilty of the larceny of any horse * * * or any other live stock, shall suffer imprisonment in the State penitentiary, at hard labor, for a period of not less than one year nor more than ten years, and such fine as the Court, in its discretion, may see fit to im-

pose." On the 24th of December, 1892, a statute was enacted as follows: "An act to limit the punishment of persons convicted of the following misdemeanors, namely: Carrying concealed weapons, selling property under lien when the property does not exceed $20 in value, malicious trespass, malicious mischief, disturbing religious meetings, and riots when no weapons are actually used or wounds inflicted. Section 1. Be it enacted, &c., that on and after the passage of this act, any person, upon conviction of any one of the following named misdemeanors, shall be subject and liable for each offense to a fine not to exceed $100, or to imprisonment for a term not exceeding thirty days, to wit: Carrying concealed about the person any deadly weapon, &c." 21 Stat., 93. The second section of said act provides for a repeal of all acts inconsistent with it. On the 20th of December, 1893, another statute was enacted as follows: "An act to amend section 1 of an act entitled 'An act to limit the punishment of persons convicted of the following misdemeanors, namely: Carrying concealed weapons, &c.,' so as to include in said section larceny of live stock, &c., when not over the value of $20." The body of this act provides for punishment "when the value of such property so disposed of, stolen or obtained, respectively, does not exceed $5." 21 Stat., 411. It also contains the usual repealing clause. On the 4th of January, 1894, an act was passed as follows: "An act to limit the punishment of persons convicted of obtaining property less than $20 by false pretenses." 21 Stat., 506. The punishment prescribed by this act was not to exceed $100 fine, or imprisonment not exceeding thirty days. On the 5th of January, 1895, the following statute was enacted: "An act to amend section 1 of an act entitled 'An act to limit the punishment of persons convicted of the following misdemeanors, namely: Carrying concealed weapons, &c.,' so as to include in said section obtaining property under false pretenses when not over the value of $20. Section 1. Be it enacted, &c., that an act entitled 'An act, &c.,' be, and the same is hereby,

amended in the sixteenth line of section 1 thereof by in-
serting after the word 'lien' in said line the words 'obtain-
ing property under false pretenses,' so that said section
shall read as follows, &c." 21 Stat., 824. In this act no
mention is made of the larceny of live stock, and it con-
tains the usual repealing clause.

The Constitutions of 1868 and 1895 both contain the
provision that every act or resolution having the force of
law shall relate to but one subject, and that shall be ex-
pressed in the title. The act of 20th December, 1893,
herein before mentioned, did not conform to this require-
ment, as the title mentioned *twenty* dollars, and the body
of the act stated *five* dollars; it was, therefore, null and
void. Counsel for appellant seeks to avoid this difficulty
by contending that the Criminal Code, in section 14, uses
the word "five," and is an exact reproduction of the act of
1893, page 411. In the act of 1889, page 296, providing
for a commissioner to revise the statute law of the State,
there was a proviso that no amendment in the statute or
common law, as the same then existed, should be made or
contained in his report. Furthermore, the report of the
commissioner was *approved*, but was not *ratified as an act;*
therefore, the existing law was not changed. Act of 1891,
page 1,054, and act of 1894, page 502.

Having reached this conclusion, we fail to find in the
other acts anything sustaining the appellant's exceptions,
which must, therefore, be overruled.

Indeed, the act of 5th January, 1895, hereinbefore men-
tioned, seems to indicate that the legislature regarded the
act of 20th December, 1893, as a nullity, by disregarding
its provisions. The 18th section, article V., of the Consti-
tution of 1895, settles this question beyond all doubt. It
is as follows: "The Court of General Sessions shall have
jurisdiction in all criminal cases except those cases in which
exclusive jurisdiction shall be given to inferior courts, and
in these it shall have appellate jurisdiction. It shall also
have concurrent jurisdiction with, as well as appellate ju-

risdiction from, the inferior courts, in all cases of riot, assault and battery, and larceny * * *."

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.