## MAXWELL v. BODIE, SUPERVISOR.

1. JURISDICTION—DISCRETION—FINDING OF FACT.—IN MANDAMUS proceedings, this Court will not review findings of fact below except in cases where abuse of discretion is charged by exceptions.
2. ESTOPPEL.—A party cannot take advantage of his own wrong.
3. MANDAMUS—COUNTY—PRESUMPTION—CLAIMS AGAINST.—Where a claim against a county consists of two parts, it will be presumed, in absence of testimony, that a portion, at least, was incurred at such time as will sustain action of the Court below in requiring payment out of current funds by mandamus.
4. COUNTY—CLAIMS AGAINST.—CAN COUNTY COMMISSIONERS pay a claim accruing in a past fiscal year out of funds for current year?

Before BUCHANAN, J., Saluda, August, 1899.  Affirmed.

Proceedings by mandamus by William Maxwell to require W. E. Bodie, supervisor of Saluda County, and W. A. Edwards, clerk, to draw county warrant for claim against

county in judgment. From order granting writ, the respondents appeal.

*Mr. E. W. Able,* for appellant, cites: 22 Stat., 158; Rev. Stat., 681; 8 S. C., 127; 13 S. C., 262; Con. 1895, art. 10, sec. 3.

*Mr. J. B. Hunter,* contra.

January 3, 1900. The opinion of the Court was delivered by

MR. JUSTICE GARY. The following statement of facts appears in the record: "At a meeting of the county board of commissioners of Saluda County, held August 1, A. D. 1899, the respondent, by his attorney, appeared and asked the county supervisor to issue an order upon the treasurer of Saluda County in payment of a judgment the said respondent had recovered against the said county for work done upon a contract made and performed during the fiscal year 1898. The county board passed the following resolution as an expression of their position in the premises: 'Be it resolved, that in the case of Wm. Maxwell, plaintiff, *v.* Saluda County, defendant, which has been heard in the Supreme Court of this State, and which Court affirmed the order of the Circuit Judge reversing the order of the county board, and allowing the claim in the amount of $87.50 and the costs of appeal, said order and remittitur are hereby acknowledged by this board, and the said claim of William Maxwell for $87.50 and costs of $3.95 be and the same is hereby ordered paid. Resolved further, that it is the sense of this board that this claim is chargeable against the funds and taxes levied and collected for the fiscal year 1898, it appearing that the work of Wm. Maxwell was performed upon contract made and completed in the year 1898. Resolved further, that this resolution be appended to and made a part of the original claim filed by Maxwell for the consideration of the board. Made and

dated at Saluda, S. C., August 1st, 1899. W. E. Bodie, L. B. Blease, J. B. Padgett.'" Wm. Maxwell on the 2d of August, 1899, filed a petition for a writ of mandamus. The return of the appellants was as follows: "The return of the undersigned, the respondents in the above entitled matter, would respectfully submit to this honorable Court: 1. That the respondents waive all jurisdictional questions not affecting the merits of the matter at issue herein, and consent that this Court shall hear the petition of the relator and this return to the same, and give a decision in the premises as fully upon the issues here joined as if these proceedings were in all respects brought formally before the Court. 2. That the respondents did not issue their warrant, directed to the treasurer of Saluda County, in settlement of the claim and judgment of the relator, Wm. Maxwell, because they believe that there is no law authorizing or directing them to do so, but, on the contrary, respondents believe that the laws of this State forbid them to appropriate funds arising from one fiscal year to the payment of any indebtedness contracted or incurred for any previous fiscal year. 3. That the respondents herein admit that there is in the county treasury of the County of Saluda funds sufficient to pay the amount of the claim of said relator and the costs of this case, but respondents submit that these funds are assessed and collected, in and for the fiscal year beginning January 1st, 1899, and respondents have no right or authority to draw warrants on the same save and except for the payment of indebtedness contracted or incurred for the year 1899. Wherefore, these respondents submit themselves unto the orders and directions of this honorable Court in these premises, and pray that they may be direted in accordance with the true intent and meaning of the law. All of which is respectfully submitted. W. E. Bodie, Supervisor, W. A. Edwards, Clerk." Upon this showing this matter came on and was heard at Saluda Court House on August 24, 1899, by his Honor, Judge O. W. Buchanan. After argument pro and con, the following order was made: "To W. E. Bodie, Su-

pervisor, and W. A. Edwards, Clerk: Whereas the above named relator now holds a judgment against Saluda County, and there are funds in the treasury of said county properly applicable to the payment of said judgment, and the said relator has demanded that you draw your warrant in his favor on said treasury for the amount of said judgment, and you having unjustly refused, to the injury of the said relator, Wm. Maxwell, as appears from his petition and the return thereto of the respondents. Now, therefore, you are hereby ordered and commanded, that you, the said W. E. Bodie and W. A. Edwards, immediately after the receipt of this writ, draw your official warrant on said county treasury in favor of said William Maxwell for the amount of said judgment and costs. O. W. Buchanan, Judge presiding." Edgefield, S. C., August 24, 1899. B. W. Crouch, C. C. C. P.

The appellants allege error on the part of his Honor, the presiding Judge, in the following particulars, to wit: "1. Because his Honor, O. W. Buchanan, erred in holding that mandamus was the proper remedy to compel the county supervisor to draw a warrant upon the treasury of the county for the payment of a judgment against the county, when it did not appear that there were any funds in the county treasury that were not otherwise appropriated. 2. Because his Honor, O. W. Buchanan, erred in holding that a judgment against a county, upon a contract made and executed in the fiscal year of 1898 was chargeable against the funds of the county for ordinary county purposes for the fiscal year 1899, and that mandamus lay to compel the supervisor of the county to issue his warrant upon the treasurer of the county against funds arising and for the ordinary county purposes for the fiscal year 1899 to pay a judgment upon a contract made, executed and performed in the fiscal year 1898. 3. Because his Honor erred in holding that a judgment against a county is payable out of funds assessed, collected and appropriated to ordinary county purposes. 4. Because it was error not to hold that a judgment against a

county is an extraordinary charge upon the county, not payable out of ordinary county funds otherwise appropriated, and that the judgment creditor's proper remedy, when the funds for the fiscal year, 1898, had all been spent, was to compel the fiscal authorities of the county to levy a tax for the payment of his judgment." The appellants filed two other exceptions, which were abandoned. The view which this Court takes of the questions raised by the exceptions renders it unnecessary to consider them *seriatim.*

By reference to the order of his Honor, Judge Buchanan, it will be seen he found as matter of fact that there are funds in the treasury of said county properly applicable to the payment of said judgment. In the case of *Wilcox* v. *Scarborough*, 56 S. C., 48, this Court decided that it could not review the findings of fact in mandamus proceedings except for the purpose of determining whether there was an abuse of discretion on the part of the Circuit Judge. In that case it was, also, held that as the exceptions did not impute to the Circuit Judge an abuse of his discretion, that question was not properly before the Court for its consideration. In the case before us, there are no exceptions alleging an abuse of discretion on the part of the presiding Judge in his findings of facts; they are, therefore, conclusive upon this Court and show that the writ of mandamus was properly issued.

There is a familiar principle of law that no one shall be allowed to take advantage of his own wrong. The respondent would have been able to get his money out of the funds on hand in 1898, if those in charge of the county's finances had not delayed the collection of his claim by appealing to the Supreme Court. Having caused the delay, they cannot take advantage thereof, and this is an additional reason why the exceptions cannot be sustained.

In the resolution adopted by the county board on the 1st of August, 1899, appears the following language: "The said claim of Wm. Maxwell for $87.50 and costs of $3.95, be and the same is hereby ordered paid." It might be urged

3    that by this language the county board was precluded from making further objection of any kind to the payment of the claim.    We do not deem it necessary to discuss this question, but will proceed to consider another growing out of said language.    The county board not only ordered Maxwell's claim paid, but the *costs also*.    The items of costs are not set forth in the record nor does it appear when they were incurred.    If they were incurred during the year 1899, the county board did not have the right to order them paid out of the funds of 1898; as in that case, they were chargeable against the funds of 1899.    In the absence of testimony to the contrary, it will be presumed that the costs were incurred at such a time as will sustain the action of the Court below in ordering the writ of mandamus issued.    This presumption shows that there was no error on the part of the presiding Judge in issuing the writ of mandamus, at least to the extent of the costs.    Having
4    reached the conclusion that the presiding Judge properly ordered the issuing of the writ to the extent of the costs, this Court, in the absence of an exception raising the question, will not consider whether there was error as to the other part of the demand.    The exceptions are overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.