McCASLAN, SHERIFF, v. MAJOR, SUPERVISOR.

SHERIFF—SUPERVISOR—SALARY.—MANDAMUS will not be issued requiring county supervisor to draw his warrant in favor of the sheriff for salary, when the county treasurer has no funds on hand with which he could legally pay such warrant.

Petition in the original jurisdiction of this Court by R. F. McCaslan, sheriff of Greenwood County, for writ of mandamus against Joseph M. Major, county supervisor of Greenwood County.

*Messrs. Graydon & Giles,* for petitioner.

*Messrs. Caldwell & Park,* contra.

May 17, 1902. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an application to the Supreme Court, in the exercise of its original jurisdiction, for a writ of mandamus, requiring the respondent to issue his warrant in favor of the petitioner, for the balance alleged to be due on his salary, to wit: $540.13. The proceedings were instituted on the 9th day of January, 1902. By an order of the Court, it was referred to W. J. Moore, Esq., as special referee, to take the testimony and report the facts put in issue by the pleadings herein.

The tenth paragraph of the return alleges "That there are no general funds in the hands of the county treasurer not already appropriated by the General Assembly for other purposes, upon which this respondent could draw his warrant to pay a salary to the said sheriff." The petitioner, in his reply,

denied these allegations. Upon this issue the special referee reported as follows: "I find, also, as matters of fact, that during January, February, March and April, 1902, the county treasurer had on hand funds with which he paid all warrants drawn by the supervisor, and would have paid a warrant for the deficiency of the sheriff's salary if the supervisor had issued it." This finding will be better understood by reproducing the testimony of Dr. J. A. Marshall, county treasurer, which was as follows: "J. A. Marshall, sworn, says: I am the county treasurer; no separate account for different county funds is kept in my office. The fund is a general one, and I honor checks as drawn by the supervisor. I made a statement to the supervisor in April as to how the county stood. I do not keep a cash book showing the amounts received and paid out each day. In the last four months I have paid accounts for roads, paid county officers' salaries, and accounts generally presented. Question. If Mr. Mc-Caslan, about the first of January last, had presented Mr. Major's warrant for $540.13, what would you have done with it? (Objected to.) Answer. I would have paid it. I would have paid it any time in January. If presented to-day, I don't think I could pay it, I am satisfied I have not the money to pay it. The supervisor borrows money every year from the banks when he needs it; he borrows money every year, has no trouble in getting it.

Crossed: "The warrants drawn by the supervisor show on their face what they are for. When I have money I pay every warrant he issues. I know the amount appropriated every year for the different purposes, and I see that the amounts are not overdrawn. I pay every warrant out of general county funds. On the 31st of December last, the county was a year behind. On the 31st of December last, I had no funds on hand except what had been expended for general county purposes. All funds on hand at that time were applicable to certificates already drawn. Since January 1st, I have had no money on hand for ordinary county purposes, but I have advanced the supervisor some from the

school fund.   From the taxes of 1901 there will be no funds in my hands for ordinary county purposes.

Redirect: "Money is borrowed every spring and paid from taxes collected in the fall.   Before borrowing, any funds on hand are used for ordinary county purposes, and replaced when money is borrowed again.   We have borrowed some money this spring, but not for the entire appropriation. We have on hand other funds which we have heretofore been using for ordinary county purposes.

Recrossed: "We have on hand school funds and commutation tax funds.   The school fund is only applicable to the school superintendent's warrant, but we loan it to the county. The road fund is applicable only to roads."

It will thus be seen that there were no funds in the hands of the county treasurer *legally* applicable to petitioner's claim at the time these proceedings were commenced or at the time of filing the special referee's report.   It is well settled by the decisions of this Court, that under such circumstances the petitioner is not entitled to the writ.   This conclusion renders unnecessary the consideration of the other questions presented.

It is the judgment of this Court, that the petition be dismissed.