## STATE v. FIELDS.

ACTS—CONSTITUTION—ABORTION.—So much of an act entitled "An act to amend the criminal law by providing for the punishment of abortion," as makes it an offense to advise committing abortion, is unconstitutional.

Before ALDRICH, J., Darlington, March term, 1902.   Reversed.

Indictment against Boyd Fields.   From sentence, defendant appeals.

*Messrs. Coggeshall & Edwards,* for appellants, cite: Con. 1868, art. II., sec. 20; Con. 1895, art. III., sec. 17; 16 S. C., 56; 76 Mo., 346; 51 S. C., 249.

*Solicitor J. M. Johnstone* and *Mr. J. Monroe Spears,* contra, cite: 18 St., 549; Rev. Stat., vol. 2, secs. 122, 137, 138, 139; Code of Laws, vol. 2, secs. 122, 138, 139; Con. 1895, art. III., sec. 17; 58 S. C., 413.

March 4, 1904. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. When the above stated action was called for trial, the defendant interposed a motion to quash the indictment upon the ground that section 2 of the act of 1883, whose title is, "An act to amend the criminal law by providing for the punishment of abortion" (see acts of the General Assembly of 1883, pp. 547 and 548, of vol. XVIII.), was unconstitutional, because in violation of sec. 17, of art. III., of the Constitution adopted in the year 1895, that "every act or resolution having the force of law shall relate to but one subject, and that shall be expressed in the title." The Circuit Judge overruled the motion. Whereupon the cause proceeded to trial and resulted in conviction and sentence. The defendant has appealed.

So that now the only question presented by the appellant is, was the refusal of the motion to quash the indictment under the circumstances above quoted error? We think there was error, for the following reasons: The act of 1883 plainly announced in its title, and the specific provisions of the said act that the purpose of the General Assembly was to so amend the criminal law of this State on the subject of · abortion as to provide a punishment therefor. Abortion as a crime was already denounced by our law. The subject of the act was the punishment for abortion. This subject might include the means of its accomplishment. The cases of *City of Charleston* v. *Oliver,* 16 S. C., 56; *State* v. *Crosby,* 51 S. C., 249, 28 S. E., 529, are authority in the matter of a divergence in the body of an act from the language of the title of the act. The case of *Barksdale* v. *City of Laurens,* 58 S. C., 413, 36 S. E., 661, shows very plainly in what class of cases the subject of an act may be referred to in upholding the provisions of the act germane to the subject. It may be conceded that our authorities should not be searched to show that the title of an act does not cover the body of the same. Still, great care should be observed in seeing to it that the title does cover the provisions of the

act. Thus it seems to us that where an act in its title states that the criminal law of the State is to be amended by providing for the punishment of a crime already existing, to wit: the crime of abortion, and the body of the act provides a punishment for persons who shall advise the commission of the crime of abortion, that such legislation, so far as the second clause of this act is concerned, is unconstitutional.

The judgment of this Court is, that the judgment of the Circuit Court be reversed.