6887

STATE *EX REL.* FOOSHE v. BURLEY, SUPERVISOR.

1. CONSTITUTIONAL LAW.—So MUCH OF THE ACT, 25 STAT., 45, as provides that the county supervisors of Fairfield County should not publish the accounts audited by the county board of commissioners by amendment to Section 405 of Code of 1902, relating to duties of county treasurer, is unconstitutional, in that it violates Section 17, Article III, of the Constitution, in that the above provision is not germane to nor included within the subject mentioned in the title.

2. IBID.—MANDAMUS—OFFICER.—If the nature of the office is such as to require the officer to raise the question of the constitutionality of a statute in a proceeding by mandaums to require him to obey it, one seeking by mandamus to require him to disobey a statute may raise the question.
MR. JUSTICE GARY *dissents.*

3. MANDAMUS.—The proprietor of the only newspaper published in the county may maintain mandamus against county supervisor to require him to publish a list of the accounts audited by the county board of commissioners.

4. PLEADINGS—BURDEN OF PROOF.—ABSENCE OF AVAILABLE FUNDS to pay a public claim sought to be enforced by mandamus against a public officer should be alleged by him and burden is on him to show it.
MR. JUSTICE GARY *dissents.*

Before WILSON, J., Fairfield, October, 1907. Affirmed.

Petition for mandamus by J. Frank Fooshe against J. B. Burley as County Supervisor of Fairfield County. From Circuit order commanding the writ to issue, the respondent appeals.

*Mr. J. G. McCants,* for appellant, cites: *Even if statute is unconstitutional appellant could not ignore:* 47 L. R. A., 524; 48 S. C., 95; 4 S. C., 431; High Ex. Rem., Sec. 140; 16 S. C., 39; 30 S. C., 519. *Issuance of writ is discretional with this Court:* 64 S. C., 564; 73 S. C., 398. *It must be shown that there are funds to pay for the work:* 1 S. C., 24; 8 S. C., 128; 9 S. C., 44.

*Mr. J. E. McDonald,* contra, cites: *The statute in question is unconstitutional:* 16 S. C., 47; 59 S. C., 67; 51 S. C., 249. *Mandamus is proper remedy:* 48 S. C., 95; 73 S. C., 401; 64 S. C., 564; 67 S. C., 153; 78 S. C., 269, 348; 68 S. C., 551; 70 S. C., 313.

April 21, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an appeal from an order of his Honor, Judge John Wilson, granting a peremptory writ of mandamus, commanding the respondent, as county supervisor of Fairfield County, to publish the statement of claims audited by the board of county commissioners of said county, as required by Section 769, Vol. 1, Code of Laws. This section requires the supervisor of Fairfield County, among others, to publish in some newspaper published in the county, at least in one issue thereof, and within fifteen days after each meeting of the county board of commissioners at which claims are audited, a full statement of the claims audited by the said board at its meeting immediately preceding the publication, the statement to show the file number of the claim, the amount claimed, the amount allowed, the nature of the claim and the name of the claimant. The statute further provides that the publication shall be paid for at the rate now allowed by law for public printing, provided the sum does not exceed sixty dollars per annum. Certain counties named therein were exempted from its operation.

The petitioner is a resident freeholder and taxpayer of Fairfield County, and is pecuniarily interested because he is

the editor and proprietor of the News and Herald, the only newspaper published in Fairfield County.

The petition alleges that a large number of such claims have been audited by said board at sundry meetings during the year 1907, but that respondents have refused to make publication notwithstanding petitioner's demand therefor. The petition further alleges that respondent refused to make such publication because of the provisions contained in the act of the Legislature amending Section 405 relating to the duties of county treasurers, approved February 21, 1906, 25 Stat., 45, in these words: "Nor shall the county supervisor of Fairfield County be required or allowed at public expense to publish annually or otherwise the itemized statement of disbursements for said county," but further alleges that this provision is null and void and affords no protection to respondent because it violates Seciton 17, Art. III, of the Constitution, which provides that every act or resolution having the force of law shall relate to but one subject and that shall be expressed in the title.

The respondent made return to the petition alleging that it does not state facts sufficient to authorize mandamus, that it does not appear that any appropriation has been made nor that there was any funds in the hands of the respondent or the county treasurer for the payment of such publication, that petitioner's interest in the question as a taxpayer is in common with all other taxpayers and his claim of interest as publisher of the newspaper is contingent and speculative and exists neither in contract nor as a trust, that the statute of 1906 forbidding respondent from publishing the statements of disbursements is not invalid as alleged, but if so, it is not the plain ministerial duty of respondent to ignore it and treat it as void.

Judge Wilson granted the mandamus holding:

"The act in question only purports to amend Section 405 of the Code of Laws, 1902, which relates entirely to the dutes of county treasurers, and in no way attempts to describe any of the duties appertaining to county super-

9—80

visors. The duties of county supervisors in regard to publishing the statements in question are set forth and prescribed by Section 769 of said Code, and the provisions in question are mandatory, or, at least, they set forth a plain ministerial duty on the part of county supervisors, except those in counties exempted from the provisions of said section.

"In so far as the act of 1906, hereinbefore referred to, attempts to repeal or nullify the provisions of Section 769 of the Code of Laws, 1902, it is plainly in violation of the requirements of Section 17, Article III, of the Constitution of 1895, and therefore to that extent null and void. This being so, the requirements of Section 769 are left in full force and effect; and it is the plain duty of the county supervisor of Fairfield County to publish the statments of claims audited by the board of county commissioners, as is required by said section."

The appellant contends that Judge Wilson erred in holding the act of 1906 to be unconstitutional. We think there was no error in so holding. Section 769 relates to the publication by the supervisor of claims *audited* by the county board of commissioners after each meeting. Section 405 relates to the annual publication by the county treasurer of claims *paid* by him. Fairfield County was exempt from the operation of Section 405, but not of Section 769. The title of the act of 1906 was, "An act to amend Section 405, Vol. 1, Code of Laws, 1902, so as to exempt Marion County from the provisions thereof." The body of this amending act inserted Marion County among the counties excepted from its operation in accord with the title, but went further and inserted the provisions as to Fairfield County, a matter not included within nor germain to the subject mentioned in the title. *Charleston* v. *Oliver,* 16 S. C., 47; *State* v. *Crosby,* 51 S. C., 249, 28 S. E., 529; *Blair* v. *Morgan,* 59 S. C., 67, 37 S. E., 45; *State* v. *Fields,* 68 S. C., 148, 46 S. E., 771.

Other cases illustrating the subject are, *State* v. *O'Day,* 74 S. C., 448, 53 S. E., 746: *Park* v. *Cotton Mills,* 75 S. C.,

568, 56 S. E., 234; *Aycock, Little Co.* v. *Ry.,* 76 S. C., 332; *State* v. *Hunter,* 79 S. C., 96.

When mandamus is sought to compel an officer to perform a duty enjoined by statute the Court will not generally permit the officer to assert that the statute is unconstitutional. *Ex parte Lynch,* 16 S. C., 39; *Port Royal Mining Co.* v. *Hagood,* 30 S. C., 524, 9 S. E., 686; *ex parte Florence School,* 43 S. C., 11, 20 S. E., 794; *Moore* v. *Napier,* 64 S. C., 564, 42 S. E., 997; *State v. Morris,* 67 S. C., 168, 45 S. E., 176; *State* v. *Cain,* 78 S. C., 352; *State* v. *Heard,* 47 L. R. A., 512.

To this last-named case there is a very full note showing that such is the general rule, with the limitation "that if the nature of the office is such as to require the officer to raise the question, or if his personal interest is such as to entitle him to do so, he may contest the validity of the statute in a mandamus proceeding brought to enforce it."

The appellant contends under this general rule that if the officer could not assert the unconstitutionality of the statute, reciprocally, he should not be compelled to ignore it as unconstitutional. This plausible suggestion is met by the limitation upon the general rule as above stated, and by the fact that the petitioner who attacks the constitutionality of the statute is not an officer whose duty it is to act under it, but one who not only has the general interest as a citizen and taxpayer, but also a special pecuniary interest as the publisher of the only newspaper in the county. It can not be said that petitioner's interest is uncertain and speculative since the necessary result of compliance with Section 769 would be a direct pecuniary benefit to the petitioner, distinct from that interest as citizen and taxpayer which he holds in common with other citizens and taxpayers of the county. True there was no contract between petitioner and respondent, but the officer's duty to publish, in the circumstances stated, involved the duty to publish in

petitioner's newspaper, substantially as if Section 769 had directed publication to be made in his newspaper.

There is nothing to show that petitioner is unwilling to publish, on the terms named in the statute, on the contrary, the fact that he brings these proceedings implies that he proposes so to do, and respondent has raised no objection to performance based upon this ground.

It only remains to consider whether the failure to allege that there are funds in the county treasury applicable to the payment of such claim is fatal to the issuance of mandamus in this case. When it is sought to enforce payment of an audited claim it is undoubtedly true mandamus will be refused if it appears that there are no funds available to pay the same. *State* v. *Hiers,* 51 S. C., 388, 29 S. E., 89; *State* v. *Daniel,* 52 S. C., 201, 29 S. E., 633; *McCaslan* v. *Major,* 64 S. C., 188, 41 S. E., 893.

But since the presence or absence or such available fund is a fact lying peculiarly within the knowledge of the officer and can rarely, if ever, be certainly known by the claimant, except with the aid of the officer, it is but fair that when that defense is relied upon it should be alleged in the return of the officer so that an issue on that point may be made up and determined with the burden upon the officer to show the absence of available funds. Such was not done in this case.

But further, this is not a proceeding to compel payment of an audited claim but to compel the duty imposed by Section 769. The matter of payment does not now arise. Nor would the issuing of mandamus compel respondent to enter into any contract relation with petitioner which respondent has a discretion to make or not. The act of 1906 being void the only statute guiding respondent's duty is Section 769, and this statute fixes the terms of the contract of publication and the officer's duty.

Mandamus lies to compel a public officer to perform a plain ministerial duty imposed by law, involving no discretion, to the performance of which duty the relator has a right

and to enforce which he has no other adequate legal remedy. It is a proper remedy in this case.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.

Mr. JUSTICE GARY, *dissenting.* It seems to me that the opinion of Mr. Justice Jones would have the effect of overruling the unbroken line of authorities in this State, establishing the principle that the constitutionality of a statute can not be determined in mandamus proceedings.

It is only necessary to refer to the cases cited by him to show that this is the rule.

Furthermore, I can not concur in the conclusion announced in his opinion, that the burden rested upon the appellant to show the absence of available funds.

For these reasons I dissent.