8984

SOUTHERN NAT'L BANK v. FARMINGTON CORPORATION ET AL.

SAME v. SAME.

(83 S. E. 637.)

CONSTITUTIONAL LAW. STATUTES. GENERAL AND SPECIAL LEGISLATION. APPEAL AND ERROR. TRIAL. REFERENCE.

1. Code Civ. Proc. 1912, sec. 23, subd. 6, providing that in the counties of the Sixth Circuit, on demand of either party, equity cases shall be tried in open Court on testimony there offered, covers the same subject matter as is covered by the general provision of section 331, providing that a cause may be referred on application of either party or on the Court's own motion, where a long account is to be taken, and is therefore violative of Const., art. III, sec. 34, subd. 9, providing that, where a general law can be made applicable, no special law shall be enacted.

2. Where an order of reference was properly made under a general statute, over an objection made by defendants under an unconstitutional special statute, the Supreme Court could not hold the order invalid because the constitutionality of the special statute was not raised below.

3. A constitutional question affecting the administration of the law is of public interest and should be considered and determined whenever it arises upon the record, although neither party litigant chose to raise the question.

Mr. JUSTICE HYDRICK, *dissenting.*

4. The Constitution and statutes give the Court the power to refer an action for foreclosure involving the taking of an account to a referee to take the testimony and report the same with his findings of facts, and conclusions of law.

5. An order affecting the mode of trial of a cause is appealable.

6. The right of the Circuit Court to proceed with the trial of a cause, is suspended during the pendency in the Supreme Court of an appeal from an order affecting the mode of trial.

Before HON. F. B. GARY and PRINCE, JJ., Winnsboro, April and September, 1913. Affirmed.

Two separate actions brought by the Southern National Bank against Farmington Corporation and others, for foreclosure of mortgages, and asking an accounting. The facts are stated in the opinions.

*Mr. Ernest Moore,* for plaintiff, sumbits: *S. d. 6, sec. 23, was an amendment to a section relating to time of holding Court, and merely directory, and not intended to repeal sec. 331, and should be liberally construed with a view to the effective administration of justice:* 36 Cyc. 1110, 1111, 1157, 1158, 1161, 1188; 67 S. C. 318. *Reference in matters of accounting:* 44 S. C. 96; 47 S. C. 150. *Order of reference not appealable:* 88 S. C. 456; 49 S. C. 423; 73 S. C. 198; 53 S. C. 129; 87 S. C. 369; 76 S. C. 189. *An appeal from an order not appealable does not stay further proceedings below:* 68 S. C. 41; 71 S. C. 303; 76 S. C. 189.

*Messrs. McDonald & McDonald,* for defendant, submit: Code Civil Proc., sec. 23 s. d. 6, *clear and unambiguous;* 3 S. C. 426; 33 S. C. 543. *Order of reference deprived defendants of statutory right to mode of trial, and was:*

FOOTNOTE.—See *Tisdale v. Scarborough, ante,* 377, 83 S. E. 594, as to special legislation where a general law can be made applicable.

*appealable:* 61 S. C. 4; 43 S. C. 302; 19 S. C. 286; 43 S. C. 302. *Right to have issues directed:* Code Civil Proc., sec. 312; 76 S. C. 507; 43 S. C. 264; 49 S. C. 345. *Order involving the merits:* 8 S. C. 112; 11 S. C. 122; *and were appealable:* 34 S. C. 169, 174; 45 S. C. 90; 46 S. C. 149; 61 S. C. 4. *Right to trial under s. d. 6, sec. 23, Code Civil Proc.:* 19 S. C. 286; 43 S. C. 302. *Appeal operated as supersedeas:* 32 S. C. 102, 105; 45 S. C. 481, 482; 60 S. C. 569, 570; 76 S. C. 192, 193.

November 25, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Judge Prince made the following order:

"On the call of the above stated cases for a hearing before me, the attorneys for the defendants suggested in writing that the Circuit Court was without jurisdiction to hear and determine any questions therein, except the question of jurisdiction, on account of the fact that the defendants had appealed from the orders of reference heretofore granted in said cases by Judge Frank B. Gary; the defendants alleging that such orders deprived them of a mode of trial provided for, in certain contingencies, in subdivision 6 of section 23 of the Code of Civil Procedure, 1912, and that an appeal from such orders acted as a stay or supersedeas, as to any further proceedings in said causes, until such appeals had been heard and finally determined by the Supreme Court.

I have some doubt as to whether said orders of reference are appealable, but resolve such doubt in favor of the appellants, and hold that they are appealable. If such orders are appealable, and I hold that they are, then the appeals herein act as a stay and supersedeas upon any further proceedings in the Circuit Court until such appeals have been heard and finally determined by the Supreme Court. Pending the said appeals, this Court had no jurisdiction to hear or determine

any questions arising on the merits, or to determine any questions in said cases, except the question of jurisdiction at the present time and pending said appeals.

It is, therefore, ordered and adjudged, that, pending said appeal to the Supreme Court in the two causes above stated, this Court is without jurisdiction to hear and determine any of the questions arising on the merits therein, as such appeals act as a stay and supersedeas upon any proceedings under said orders of reference subsequent to the filing of the return therein in the Supreme Court." Geo. E. Prince, Presiding Judge, September 27, 1913.

These actions were for the foreclosure of mortgages, both real and chattel, an accounting was demanded, and it appeared on the face of the pleadings to be long and complicated. The plaintiff asked for an order of reference. The defendants objected and claimed the right to have the testimony taken in open Court and based the claim on subdivision 6 of section 23, Code of Civil Procedure, 1912, which reads as follows (in part):

"And in each of said counties, upon demand of either party, equity cases shall be tried in open Court, upon testimony then and there offered, the same to be taken down by the Court stenographer as a part of his official duty." The counties referred to are the counties of the Sixth Circuit. Section 331, Code Civil Procedure, provides that a cause may be referred upon the application of either party or on the Court's own motion, where there is to be taken a long account. Section 23 is a special provision, section 331 is a general provision, and each apply here. The question is, which section shall govern? The Constitution, art. III, section 34, subdivision 9, provides, "In all cases, where a general law can be made applicable, no special law shall be enacted." The legislature has itself decided that a general law can be made applicable, in terms that can not be successfully spoken against. It has enacted a general law applica-

ble to the case. The provision relied upon by the defend-
ant is unconstitutional and void in so far as it seeks to
exempt the counties of the Sixth Circuit from the opera-
tion of the general law.

It may be said that the record does not show that the
question of the constitutionality of the statute was raised in
the Circuit Court and it can not be raised here. It is per-
fectly true that a party to a suit may waive a consti-
tutional right and may be deemed to have waived it
by a failure to raise the question on Circuit. This
is, however, a public question and affects not only the parties
to these particular suits, but every other litigant in the Cir-
cuit, and not only the other litigants in the Sixth Circuit,
but the litigants in every other Circuit. It is to the interest
of every part of the State that Courts shall proceed with all
convenient speed to transact the legitimate business and
close its session. In Code Civil Proc., section 331, the
legislature recognized the fact that long accountings can be
had more satisfactorily, more quickly and more cheaply
before a master or referee and provides for the State at
large the more excellent method. This Court would not
be performing its constitutional obligation if it allowed a
constitutional provision to be defeated and the whole sys-
tem of administration of law to be thrown into confusion
because neither of the parties litigant chose to raise the
question. It may be wise to allow each county to manage
its own affairs in its own way. The wisdom of it is not
for the Courts. The Constitution has forbidden it and
that is enough. This Court has no right to say that a per-
fectly valid order was invalid because neither party
chose to raise the question. If the law, the whole
law (the Constitution and statutes) gave Judge
Gary the right to refer the case to a referee, this Court can
not say he had no such power. Judge Gary did have the
right to refer the questions, and his order is affirmed.

The order affected the mode of trial and was appealable and Judge Prince was also right in refusing to hear the cause while the appeal was pending, and his order is affirmed.

Both appeals are dismissed and the cases are remanded to the Circuit Court for such proceedings as are necessary.

MR. CHIEF JUSTICE GARY concurs in the result.

MR. JUSTICE WATTS concurs in the opinion of the Court.

MR. JUSTICE HYDRICK, *dissenting*. These actions were brought to foreclose mortgages of real and personal property. On motion of plaintiff, against the objection of defendant, his Honor, Frank B. Gary, granted an order of reference in each case, directing the referee to take the testimony and report his findings and conclusions, and providing that the case should be heard upon such report and any exceptions which might be taken thereto by the parties. From these orders, the defendants appealed. While the appeals were pending in this Circuit, the referee proceeded with the references against the objection of the defendants, who contended that the appeals stayed further proceedings in the Court below. The referee made and filed his reports, and the cases were brought on for hearing before his Honor, Judge Prince. The defendants objected to the hearing on the ground above stated, and Judge Prince sustained their objection, holding that the orders of reference were appealable, and that the pendency of the appeals ousted the Circuit Court of jurisdiction to proceed with the trial of the merits. From this ruling, the plaintiff appealed.

Subdivision 6 of section 23 of the Code of Civil Procedure has, among others, this special provision for the disposition of causes pending in the Courts of Common Pleas in the several counties composing the Sixth District: "And in each of said counties, upon the demand of either party,

equity cases shall be tried in open Court, upon testimony then and there offered, the same to be taken down by the Court stenographer as a part of his official duty."

When the orders of reference were asked for, counsel for the defendants objected to them, stating that, while they might later consent to orders of reference, as then advised, they would demand trials in open Court, under the provisions of the statute above quoted.

The contention of counsel for plaintiff that the statute is merely directory, and still leaves it discretionary with the Circuit Court to refer such causes, notwithstanding the demand of a party for a trial in open Court, can not be sustained.    It is well settled that in the absence of such a statute, the Court has that discretion in equity causes.    But, if the provision quoted does not take away that discretion, when demand for a trial in open Court is made by a party, it is without any meaning, force or effect.    To so hold would violate elementary and fundamental principles of construing statutes.    The contention that this construction of the statute would prevent the parties from taking the testimony of witnesses *de bene esse,* or by commission, in the cases provided for by the statutes is equally unsound. There was no intention to interfere with that method of taking testimony where the circumstances require that it shall be to taken.    But the intention is clear that in so far as it can be done, under the usual methods of procedure, the trial shall be held in open Court, if demand therefor is made by a party.    The orders of reference were, therefore, erroneously granted.

As these orders denied the defendants the mode of trial to which they were entitled, under the statute, they were appealable.    *Dewalt* v. *Kinard,* 19 S. C. 286; *Ferguson* v. *Harrison,* 34 S. C. 169, 13 S. E. 232; *Wilson* v. *York,* 43 S. C. 302, 21 S. E. 82; *McLaurin* v. *Hodges,* 43 S. C. 187, 20 S. E. 991; *Alston* v. *Limehouse,* 61 S. C. 1, 39 S. E. 192. The orders being appealable, the pendency of the appeals

ousted the Circuit Court of jurisdiction to try the cases on the merits. *Bank* v. *Stelling,* 32 S. C. 102, 10 S. E. 766; *Alston* v. *Limehouse,* 60 S. C. 559, 39 S. E. 188; *McDaniel* v. *R. Co..* 76 S. C. 192, 56 S. E. 956.

The action of the majority of the Court in holding subdivision 6 of section 23 of the Code of Civil Procedure unconstitutional, and in sustaining the orders of reference on that ground, seems to me to be a departure from a well settled principle which has been frequently announced by this Court, and one which is sustained by a practically unanimous opinion of other Courts and the text writers, to wit: that out of respect to a co-ordinate branch of the government, the Courts will not consider the constitutionality of a statute, unless the question of its constitutionality is properly before the Court, and necessary to the decision of the case.

In decisions too numerous to mention this Court has held that it will not consider any question—to say nothing of one so delicate, and important as the constitutionality of an act of the legislature, unless it was raised in the trial Court, and properly brought to this Court by an exception.

In this case the record shows that the constitutionality of the statute in question was not raised in the Circuit Court, nor was it raised by any exception or sustaining ground on the appeal to this Court. The question was not even mooted at the hearing in this Court. Therefore, I do not think it properly before the Court for decision. That it is a question of public interest and importance is not a sufficient reason for the Court to depart from the settled rule and decide it without having heard argument upon it. The rule has been frequently applied by this Court, and the consideration of such questions declined even in criminal cases, where the liberty of the citizen was involved. In *State* v. *Hertzog,* 92 S. C. 14, 75 S. E. 374, the Court *en banc* applied the principle, and declined to consider the constitu-

tionality of a statute on a ground not made in the Circuit Court.

In his opinion in *Nexsen* v. *Ward,* 96 S. C. 332, 80 S. E. 599, Chief Justice Gary said: "When a constitutional question was not raised in the Circuit Court, it can not properly be made the basis of an exception on an appeal to the Supreme Court," and he cited numerous decisions of this Court which sustain that proposition. In *Burnett* v. *Ry.,* 62 S. C. 281, 40 S. E. 679; *Hill* v. *Ry.,* 67 S. C. 548, 46 S. E. 486, and *Brickman* v. *Ry.,* 74 S. C. 306, 54 S. E. 553, the same learned Justice, speaking for the Court, declined to consider questions as to the constitutionality of statutes on the ground that they had not been raised in the Circuit Court. In *Lowrimore* v. *Mfg. Co.,* 60 S. C. 153, 38 S. E. 430, Chief Justice McIver, after showing that it did not appear from the "case" that the constitutionality of the statute in question had been raised in the Circuit Court, expressed the unanimous opinion of the Court in declining to consider the question in the following language: "It is always a delicate and disagreeable duty to declare an act of the General Assembly unconstitutional, and, therefore, null and void; and while a Court should not shrink from the performance of such a duty when the question properly arises, and its decision is necessary to the decision of the case in which such a question is properly presented, yet a proper respect for a co-ordinate branch of the government should always forbid a Court from considering or deciding such a question in a case where it is not properly presented by the facts of such case." The Lowrimore case was cited with approval and followed in *Walker* v. *Ry.,* 76 S. C. 308, 56 S. E. 952. Numerous other decisions of this Court to the same effect might be cited.

For the foregoing reasons, I think the orders of Judge Gary should be reversed, and those of Judge Prince affirmed.

MR. JUSTICE GAGE did not sit in this case.