14525

SMITH v. ASHMORE, COUNTY SUPERVISOR, *ET AL.*

(192 S. E., 565)

318

March, 1937.

322

324

Messrs. *W. E. Bowen* and *Dakyns B. Stover,* for appellants, cite:

Messrs. *Price & Poag* and *W. A. Bull,* for respondent, cite:

August 5, 1937.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

In the main, we are adopting so much of the opinion of the trial Judge as appears in the record, which opinion disposes of appellant's exceptions *seriatim.* Let his opinion be reported.

The concluding paragraph of the "Statement" in appellants' printed brief is as follows: "It is not admitted that

the respondent is legally entitled to the alleged unpaid portion of the salary claimed, on the other hand it is specifically denied, *but assuming for the purposes of this appeal and this argument, only, that the county is indebted to respondent in the amount claimed,* the appellants contend that payment cannot be made as ordered and the writ of mandamus as prayed for should not be granted for the reasons herein set forth." (Italics added.)

And at the close of the brief under the heading "Generally" is the following: "We have not sought in this argument to question mandamus as a proper remedy for the payment of salaries of public officers. We feel the authorities are clear on that subject and if there had been an appropriation made for the salary claimed to be due by this respondent and the only question was that the payment had not been made, the writ of mandamus would unquestionably lie and the respondent would be entitled to the relief sought. We are not at this time, as stated at the outset, questioning the right of respondent to the amount of alleged unpaid salary, or the county's liability to him for such an amount. The sole question at issue is whether or not the appellants can be compelled by mandamus to perform an act which they are specifically prohibited from performing by the several statutes applicable to this case; and we respectfully submit from the authorities herein cited and the various funds are available for such purpose. On the issue thus pre-error in granting the petition. If the County is indebted to respondent he has adequate remedy at law by instituting an action against the county and obtaining judgment thereon."

Respondent has no warrant for the payment of his salary, but he has a claim based upon a continuing statutory appropriation for an admitted balance of salary. He has shown that there are funds in the treasury of the county sufficient to pay his claim, and alleges that such statutes quoted that the honorable County Judge was in sented the burden is on appellants to show that payment of

the claim out of the funds in the treasury would encroach upon a specific appropriation made for another purpose.

The trial Judge held, as a matter of fact, that there were funds in the treasury applicable to the payment of respondent's claim. From this finding of fact, appellants allege error, but do not by exception allege abuse of discretion on the part of the trial Judge in so holding. Ordinarily the exception relating to findings of fact in a mandamus case will not be considered unless the exception alleges abuse of discretion on the part of the trial Judge (see *State ex rel. Wilcox v. Scarborough, Sheriff,* 56 S. C., 48, 33 S. E., 779; *Maxwell v. Bodie,* 56 S. C., 402, 34 S. E., 692), but, waiving this defect in the exception, we will state that the testimony on behalf of respondent shows a considerable amount of money on deposit in Greenville banks to the credit of respondent as treasurer of Greenville County. The testimony on behalf of appellants is evasive and equivocal as to whether or not all of such funds on deposit are taken up by specific appropriations for other purposes. After a careful reading of the testimony, we are unable to say that the trial Judge committed an abuse of discretion in finding, as a fact, that there are funds in the treasury available for the payment of respondent's claim.

Quoting from *State ex rel. Fooshe v..Burley,* 80 S. C., 127, 132, 61 S. E., 255, 257, 16 L. R. A. (N. S.), 266:

"It only remains to consider whether the failure to allege that there are funds in the county treasury applicable to the payment of such claim is fatal to the issuance of mandamus in this case. When it is sought to enforce payment of an audited claim, it is undoubtedly true mandamus will be refused if it appears that there are no funds available to pay the same. *State v. Hiers,* 51 S. C., 388, 29 S. E., 89; *State v. Daniel,* 52 S. C., 201, 29 S. E., 633; *McCaslan v. Major,* 64 S. C., 188, 41 S. E., 893.

"But since the presence or absence of such available fund is a fact lying peculiarly within the knowledge of the officer,

and can rarely, if ever, be certainly known by the lien claimant, except with the aid of the officer, it is but fair that, when that defense is relied upon, it should be alleged in the return of the officer, so that an issue on that point may be made up and determined with the burden upon the officer to show the absence of available funds. Such was not done in this case."

The order appealed from is affirmed, and the case remanded for such further orders, if any, as may be necessary to enforce the judgment herein.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.