### 15338

GREENVILLE COUNTY FAIR ASS'N, INC., v.
CHRISTENBERRY *ET AL.*

(17 S. E. (2d), 857)

*Messrs. Bolt & McGowan,* of Greenville, for appellant,

*Mr. Wilton H. Earle,* of Greenville, for respondents,

December 8, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES.

Section 1-A of Act No. 197, approved April 27, 1935, 39 Stat. 266, contains a provision as follows : "That any carnival exhibiting annually in Greenville County under the auspices of the Greenville County Fair Association, Incorporated, during the actual showing of said County Fair, shall be exempt from paying any license imposed upon carnivals by the said County of Greenville."

The Fair Association commenced its action against the Clerk of Court and sheriff of the county on November 1, 1940, alleging that in accord with custom a carnival was exhibiting in conjunction with the current fair and its freedom from license fees was guaranteed by the Association and demand had been made by the defendants for a fee of $25.00 for each day of exhibition, in default of the payment of which the defendants threatened to close the carnival and prosecute the Association, and prayed for an injunction restraining the defendants from such action. Their answer and return set up Section 6327, of the 1932 Code, and further alleged, among other things, that the respective attorneys for the parties had entered into a stipulation whereby the controversy should be determined by the Court and if the latter should hold that the license was due, the plaintiff would pay, and that the written agreement thereabout had been filed with the Clerk of Court.

His Honor, the County Judge, thereafter heard the matter, testimony and arguments, including that of the defendants that the Act of 1935 is unconstitutional because in violation of subdivision 9 of Section 34, Article 3 of the Constitution of 1895, that is, that it was a special law where a general law can be made applicable, and therefore invalid.

After the conclusion of the testimony and arguments, the Court recites "on the same day or the day thereafter" defendants' counsel, the county attorney, handed to the Court a letter from the president of the Fair Association addressed to the sheriff under date of October 31, reading as follows: "With reference to the license tax of $150.00 for the privilege of operating the carnival in connection with the showing of the Greenville County Fair, you are advised that our attorney has had an agreement with Mr. Wilton H. Earle, County Attorney, that the question of the constitutionality of the Act of 1935 exempting any carnival exhibiting annually under the auspices of Greenville County Fair Association during the annual showing of the county fair is to be determined by the Court in a suit to be brought, and should the Court decide that the statute as amended is invalid the Greenville County Fair Association agrees to pay to you, as sheriff, the amount of $150.00 as license."

By order settling the case for appeal the trial Judge stated that immediately upon the filing of the letter with him he notified p'aintiff's counsel that it looked to him as if the Association had waived its right to question the propriety of respondents' attack upon the constitutionality of the Act of 1935, and despite the Court's several references to the matter in conversation with counsel no motion was made to reopen the case, although it was said to him in these conversations that such should be done so that testimony might be introduced by plaintiff in an effort to show that it was not intended by the letter to waive any rights; and that the Court only after considerable delay passed a final order.

The latter was to the effect that the Act of 1935 is unconstitutional on the ground stated, but that the defendant officers could not have made the attack (citing *Spartanburg County v. Miller*, 135 S. C., 348, 132 S. E., 673, and *State ex rel. Fooshe v. Burley*, 80 S. C., 127, 61 S. E., 255, 16 L. R. A. (N. S.), 266) but for the letter which his Honor construed as an express waiver of the right to raise the question that the defendants were not permitted to challenge

the constitutionality of the Act; and his order concluded with an injunction upon the plaintiff to pay the amount of the license fees.

Plaintiff appealed upon exceptions which properly raise the questions which we think are conclusive of the controversy, to wit, whether the defendant county officers can be heard in this action to attack the constitutionality of the Act and, if not, whether the letter quoted above is effective as a waiver on the part of the plaintiff of such legal position.

Respondents' counsel submits a sustaining ground, to wit, that the trial Court should have held that respondents' offices are of such nature as to require them to raise the question of the constitutionality of the Act on which appellant relies to exempt it from the payment of the license. This is overruled in view of what will be said.

We pass over as unnecessary to decide the contention of appellant that it was improper for the trial Court to consider the quoted letter for it was not in evidence or otherwise a part of the record when the case was closed; and we agree with the lower Court that the respondents were not authorized to question the constitutionality of the exempting Act of the Legislature. To the authorities there cited (in parentheses above) may be added the decision of this Court rendered by Chief Justice McIver in *Ex parte Florence School,* 43 S. C., 11, 20 S. E., 794; other similar South Carolina decisions may be found in 7 West's South Eastern Digest and supplement, Constitutional Law, 42. See, also, 16 C. J. S., Constitutional Law, § 82, p. 173, where the rule is stated as follows: "As a general rule a public official whose rights are not adversely and injuriously affected by the operation of a statute or ordinance, or the particular feature of it complained of, may not raise the question of its constitutionality. Ordinarily, the mere interest of a public official, as such, is not sufficient to entitle him to question the validity of a statute; but, to entitle him to raise such question, he must show that his rights of person or property are adversely affected by the operation of the

statute." To the same effect are 11 Am. Jur., 762, and the majority of the many decisions collected in the annotations in 30 A. L. R., 378 and 129 A. L. R., 941.

The rationale of the rule is well stated in the opinion in *State v. Steele County*, 1930, 181 Minn., 427, 232 N. W., 737, 738, 71 A. L. R., 1190, as follows: "Officials acting ministerially are not clothed with judicial authority. To permit them to refuse to perform their duty on the ground that the commanding law is unconstitutional would be a dangerous practice, in that they who have only ministerial duties would be raising questions affecting the rights of third persons while they themselves would have no direct interest in the question and could not in any event be made responsible. Under our present system, lawsuits may be prosecuted or defended by the real party in interest. Such party alone has a right to make a record which will render the question litigated *res adjudicata*. The respondents here have no greater or different interest in the constitutionality of this law than any other citizen. To permit officials charged with such a duty to raise such a question may not only be a hazardous proceeding to themselves but productive of great inconvenience to the public. Their authority is the command of the statute and it is the limit of their power."

Many of the decisions referred to were cases of *mandamus*, but we see no reason to apply a different rule in them where it is sought to compel the compliance by the officers with the terms of an Act and here where it is sought to enjoin the violation of an Act by the officers. Incidentally, no question of procedure arises upon the record in this case.

Respondents rely upon *Fooshe v. Burley, supra*, but in it the rule was expressly recognized and it involved the attack upon the constitutionality of an Act by the plaintiff in *mandamus*. Likewise the other case cited upon the point in respondents' brief, *Southern Nat. Bank v. Farmington Corporation*, 99 S. C., 475, 83 S. E., 637, is inapplicable for unquestionably the rights of the parties were involved in the constitutional question there decided.

However, the question remains, are the respondents entitled to an adjudication in this proceeding of the constitutionality of the Act because of the letter written by appellant's president, if effect be given it? We think not. No authority was cited by the lower Court for the holding that by the letter the appellant had waived the right to question the propriety of respondents' attack upon the constitutionality of the Act and respondents submit none in argument. Consideration of the reasons for the rule, respect for the Legislature and order and stability in government, dictates the conclusion that appellant could not and cannot by waiver or estoppel give authority to the respondents, a sheriff and Clerk of Court without special interest, to raise constitutional questions which the law does not give them. A contrary decision would thwart the purposes of the rule. This is not to be confused with the precept that ordinarily one may waive, or become estopped to assert, his constitutional rights. 16 C. J. S., Constitutional Law, § 89, p. 182, 11 Am. Jur., 765, South Carolina cases in 7 West's South Eastern Digest, Constitutional Law, 43.

The conclusion indicated has been reached by other Courts in dealing with kindred problems. See the cases cited in the footnote to the following quotation from Corpus Juris, 12 C. J., Constitutional Law, § 214, p. 783 : "The constitutionality of a statute will not be passed on in a friendly or in a fictitious suit, on waiver of other than constitutional questions involved, on the admissions of a district attorney, or on an agreed statement of facts. The Courts have no power to inquire into the validity of public laws by proceedings brought directly for that purpose by one whose rights are not affected by the operation of such laws."

The following apt langauge is taken from the case of *In re Knowles' Estate,* 1929, 295 Pa., 571, 145 A., 797, 804, 63 A. L. R., 1086: "Though counsel in this case filed a stipulation that we might 'pass upon the constitutionality of the said Act in its entirety without limit to the particular features thereof which may pecuniarily affect the appellants', we

have no power so to do." The stipulation there, like the stipulation (if the letter may be so designated) in the instant case, is more akin to a stipulation as to the law which generally is not binding upon the Courts. See the many cases collated in the annotation upon the subject in 92 A. L. R., 663.

Judgment reversed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE, and MR. ACTING ASSOCIATE JUSTICE G. DUNCAN BELLINGER concur.