17879

W. D. STEWART, Appellant, v. UNION COUNTY, South Carolina, Respondent

(124 S. E. (2d) 329)

*Messrs. Bruce W. White* and *David N. Wilburn, Jr.,* of Union, *for Appellant,*

*James W. Workman, Esq.,* of Union, *for Respondent.*

February 26, 1962.

TAYLOR, Chief Justice.

This appeal arises out of an action brought because of plaintiff's alleged wrongful discharge as Captain of the Union County Chain Gang on January 5, 1959.

Section 11 of Act No. 1209 of the General Assembly for 1958, April 28, 1958, 50 St. at Large, pp. 2758, 2770 (the County Supply Bill) provides that 'the Supervisor of Union County shall appoint for a term beginning July 1, 1958, and ending June 30, 1959, a superintendent of the County Home and a Captain of the Union County Chain Gang."

There is no dispute about the facts. A new Supervisor took office on January 5, 1959, on which date he discharged plaintiff at 7 A. M., before he himself had qualified as Supervisor. On March 20, 1959, plaintiff petitioned the Board of Township Commissioners for reinstatement, or in the alternative, that he be paid the unused balance of the funds appropriated by the County Supply Bill to June 30, 1959. Action on his application was deferred. On May 4, 1959, he renewed his request, and no action was taken again because of the absence of the County Attorney.

On July 10, 1959, an action was commenced by service of a complaint to recover $1,430.00 actual damages alleged to be due plaintiff by reason of his alleged wrongful discharge.

The defendant demurred to the complaint on the ground that the claim was pending before the County Board of Township Commissioners.

The Court of Common Pleas deferred action on the demurrer, and directed the Commissioners to act upon plaintiff's application.

The Commissioners decided the claim adversely to the plaintiff on December 18, 1959. Thereafter, the Court of Common Pleas heard both the appeal from the Board's action and further argument on the demurrer and sustained the demurrer and overruled the appeal from the Board, thereby sustaining the County Board in its refusal to pay the claim. From this Order plaintiff appeals.

The Act provided an annual salary for the position of Captain of the Union County Chain Gang of $2,710.00 and expenses of $600.00.

Section 14, Act No. 1209, for 1958, provides, in part:

"* * * In order to carry out the orders and directions of the governing board, or to meet emergencies which may arise, the supervisor shall convey instructions and orders for such repair and maintenance work to the captain of the chain gang and should the captain fail or refuse to carry out orders and directions submitted to him by the supervisor, then and in such event, the supervisor may suspend the captain of the chain gang until the next regular meeting of the County Governing Board, and, after a proper hearing, the board may reinstate the captain immediately, or may suspend him for a definite or indefinite period, or may remove him permanently and elect another in his place and stead. * * *"

It is not questioned that plaintiff was the duly qualified and acting Chain Gang Captain under the authority heretofore referred to as of the time of discharge January 5, 1959; and there is no evidence in the record that plaintiff failed or refused to "carry out orders and directions submitted to him by the supervisor," for which he would have been liable to suspension by the Supervisor until the next regular meeting of the County Governing Board, at which time after a proper hearing he may have been reinstated, suspended or removed. Indeed he was discharged early on the morning of January 5, 1959, before the Supervisor had actually qualified for office. The County Governing Board

acted adversely to plaintiff's claim on December 18, 1959, which was after plaintiff's term had expired, as under the Act it commenced July 1, 1958, and ended August 30, 1959.

In *State ex rel. Williamson v. Wannamaker,* 213 S. C. 1, 48 S. E. (2d) 601, which concerned the power to remove a Chief Highway Commissioner whose term was fixed by Statute, this Court said:

"The rule, supported by authorities too numerous to cite, is that the power of removal is not incident to the power of appointment when the extent of the tenure of office is fixed by the statute. In the absence of any provision for summary removal, expressed in terms as being at will or words of similar import, appointments for a fixed term of years cannot be terminated except for cause. It is the fixity of the term that destroys the power of removal at pleasure.

\* \* \*

"In our opinion, section 5868 does not authorize summary removal at the pleasure of the Commission where the incumbent holds office for a fixed and definite term. This power is not granted to them in express language nor by necessary implication, and we hold that the action of the Commission in removing the appellant was wholly unwarranted in law. \* \* \* In our opinion, such removal cannot be justified under the statute and is null and void."

Under the circumstances heretofore related, the foregoing is conclusive of the questions presented in instant case. With the term having been fixed by law, the salary fixed by law, and appropriation made therefor, it was the duty of the County Governing Board as a ministerial act to pay such claim; and there was no need for an audit thereof. *State ex rel. Marshall v. Starling,* 13 S. C. 262; *Walpole v. Wall,* 153 S. C. 106, 149 S. E. 760; *Smith v. Ashmore,* 184 S. C. 316, 192 S. E. 565; *Langford v. State Board of Fisheries,* 217 S. C. 18, 60 S. E. (2d) 59.

For the foregoing reasons, we are of opinion that the Order appealed from should be reversed and set aside and

that plaintiff should have judgment entered in his favor against defendant in the amount left unpaid from the time of discharge until June 30, 1959; and IT IS SO ORDERED. Reversed.

LEGGE, MOSS and LEWIS, JJ., concur.