STATE *EX REL.* WILLIAMS v. HIERS.

1. SCHOOL CLAIMS—A COUNTY SUPERINTENDENT OF EDUCATION is not required to approve a claim against the funds belonging to a school district, unless there is sufficient funds to pay it in the hands of the county treasurer.

2. MANDAMUS.—Where an officer is clothed with discretionary power he cannot be compelled to act in one way by mandamus.

3. IBID.—SCHOOL CLAIM—COUNTY BOARD OF EDUCATION—STATE
   BOARD OF EDUCATION.—The holder of a school claim is not entitled
   to a writ of mandamus to compel the county superintendent of edu-
   cation to approve it, because he has an adequate remedy through the
   county and state boards of education.

Petition of O. P. Williams to this Court, in its original
jurisdiction, asking for writ of mandamus against A. C.
Hiers, as superintendent of education for Colleton County,
requiring him to approve a claim for desks sold to trustees.

*Mr. C. C. Tracey*, for petitioner.

*Messrs. Howell & Gruber*, contra.

March 1, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an application to this Court,
in the exercise of its original jurisdiction, for a writ of
mandamus, commanding A. C. Hiers, superintendent of
education for Colleton County, to approve the following
claim, to wit: "State of South Carolina, county of Colleton.
To the Country Treasurer: Pay to O. P. Williams, or order,
$30.60 for pat. desks, for the George School District No. 3,
month commencing      , 189 , and ending      , 189 , and
charge same to School District No. 3. This 2d day of March,
1897.   J. A. Patrick, clerk of board, W. B. Risher, trustees of
School District No. 3.   No.   of warrant." The correctness
and legality of this claim was sworn to and subscribed by the
relator in the manner provided by law.   It was referred to C.
G. Henderson, special referee, to take the testimony, and re-
port the same, together with his conclusions of fact.   So
much of his report as is necessary in considering the ques-
tions involved is as follows: "That the consideration of said
claim was for patent desks, which the relator had shipped
about the 15th or 20th of April, 1897, and arrived at
George's, S. C. and Ga. R. R., about last of April, 1897,
consigned to J. A. Patrick, one of the trustees of School
District No. 3, there resident, and that a bill of lading for
the same was sent for collection to the Walterboro Loan

and Savings Bank. That when this claim was first presented to the respondent, on May 3, 1897, there were funds sufficient to pay the same, to credit of School District No. 3, in the county treasurer's office. But that whilst respondent was in consultation with his county board, or a member thereof, and who decided that "the claim would not be approved until the desks were put up and found all right," that another claim, presented and approved by respondent, from same school district, exhausted the funds on hand to the credit of said district, or left only about one dollar on hand. That there may be from two to five dollars from collections of executions placed to credit of said school district, from the school tax of 1896; and that there will be no further funds to credit of said school district until the county auditor gives the respondent the amount to be apportioned for next school year, the fiscal year of which commences on July 1, 1897, and ends June 30, 1898. That it is admitted by the relator that there was no compliance, on his part, with the rule of the State board of education as to 'purchasing of school supplies,' as laid down in annexed pamphlet, and marked by me with a star."

Section 2, page 154, of the acts of 1896, provides that: "The State board of education shall have power: 1st. To adopt rules and regulations not inconsistent with the laws of the State, for its own government and for the government of the free public schools * * *" The rule to which the special referee refers, is as follows: "The State superintendent is authorized to permit firms and individuals to present such of their school supplies as he approves of to the county boards of examiners of the several counties of the State: *Provided*, that before he grants a permission to any firm or individual, he shall require such firm or individual to deposit in his office samples of such supplies, and shall be satisfied with the goods and the prices, and require the vendor to enter into a written contract that the goods sold shall, at all times, conform to the samples, and that the prices shall not exceed the prices agreed on: *Provided*,

*further*, that county boards of examiners may approve or disapprove of any or all such supplies, and may allow or disallow the same to be sold within their counties.   In case they approve of any of such supplies and permit the same to be sold, they shall give the vendor a written permission to offer the same to their trustees at the prices named by them in such written permission, leaving the purchase, or not, of such supplies to the good judgment of the respective boards of trustees."   It is provided in section 28, page 160, acts of 1896, that "the school funds of each school district shall be distributed and expended by the board of trustees, for the best interests of the school district, according to the judgment of the board of trustees, on their warrant approved by the county superintendent of education."   Section 29 of the said act is as follows: "The county board of education shall constitute an advisory body, with whom the county superintendent of education shall have the right to consult, when he is in doubt, as to his official duty, and also a tribunal for determining any matter of local controversy in reference to the construction or administration of the school laws, with the power to summon witnesses and take testimony, if necessary; and when they have made a decision, said decision shall be binding upon the parties to the controversy: *Provided*, that either of the parties shall have the right to appeal to the State board of education, and said appeal shall be made through the county board of education in writing, and shall distinctly set forth the questions in dispute, the decision of the county board, and the testimony agreed upon by the parties to the controversy, or if they fail to agree, upon the testimony as reported by the county board."   In section 10 of said act, it is provided that the State board of education "shall have power to review on appeal all decisions of the county boards of education, as hereinafter provided for.   Appeals to the State board of education must be made through the county boards of education in writing, and must distinctly set forth the questions of law as well as the facts of the case upon which the

appeal is taken. And the decision of the State board shall be final upon the matter at issue." In section 42 of said act, it is provided that "*all claims of every description whatsoever*, which are chargeable against the fund raised for the support of the free public schools of the State, except such as are otherwise provided for by law, must be signed by at least a majority of the board of trustees of the school district against which the claims are chargeable; and the correctness and legality of the same shall be sworn to and subscribed by the person presenting such claim, before it shall be *approved* by the person or persons authorized by law to give such approval * * *" (italics ours).

The foregoing facts show that the application for the writ of mandamus cannot be granted, for the following reasons:

I. Because it was not made to appear that there are in the hands of the county treasurer funds applicable to this claim sufficient in amount to pay the same.

II. Because the power conferred upon the respondent to *approve* the claim gave him the right to exercise his discretion in the premises, and where an officer is clothed with discretionery powers mandamus is not the proper remedy. No doubt, one of the reasons why the respondent refused to approve the claim was that the relator had failed to comply with the rule adopted by the State board of education hereinbefore set forth.

III. The claim of the relators was properly presented to the board of trustees and the respondent for approval. When the respondent refused to approve the claim, the relator had the right to an adjustment of his claim by the county board of education, and also the right to appeal from the decision of that tribunal to the state board of education. As the relator had an adequate remedy other than by proceedings in mandamus, the application, under such circumstances, will not be granted.

It is, therefore, ordered and adjudged, that the petition herein be dismissed.