*EX PARTE* GREENVILLE COLLEGE FOR WOMEN AND JULIA LIPSCOMB TURNER v. COUNTY BOARD OF EDUCATION FOR GREENVILLE COUNTY.

APPEAL.—MANDAMUS to require a County Board of Education to issue a teacher's certificate to a graduate of the Greenville College for Women on its diploma, is not the proper remedy, but appeal from County Board of Education to State Board of Education.

*Hughes* v. *School District,* 66 S. C., 259, *distinguished from this.*

Before DANTZLER, J., Greenville, December, 1905. Reversed.

Petition by Greenville College for Women and Julia Lipscomb Turner against Jas. B. Davis, L. E. Childress and H. B. Dominick, County Board of Education for Greenville Co., for writ of *mandamus.* From Circuit order requiring the writ to issue, respondents appeal.

*Attorney General LeRoy F. Youmans,* for appellants, cites: Code 1902, 1183, 1203; High. on Ex. Leg. Rem., sec. 177; 51 S. C., 391; 52 S. C., 201; 62 S. C., 412; 1 S. C., 36; 3 Rich., 113; 4 Rich., 515; 2 Bail., 561.

*Messrs. Mauldin & Townes, contra,* cite: 2 Speer, 97; Code 1902, 1184, 1200.

August 21, 1906. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order of his Honor, the Circuit Judge, granting a writ of *mandamus,* whereby the county board of education for Greenville County were required to issue to the petitioner, Julia Lipscomb Turner, a certificate to teach in the public schools of said county.

The petitioner alleges that Greenville College for Women is a chartered college, under the laws of this State, and that she was presented with a diploma by said college, upon completing its prescribed course of instruction. That on the

15th of September, 1905, she exhibited her diploma to said board of education, and requested that a teacher's certificate be issued to her, but the board in writing refused her request. That she has no other adequate remedy at law.

A rule was issued against said board, to which it made return as follows (omitting the formal portion thereof) :

"(1) That the action of the county board of education, in refusing to issue the teacher's certificate in question, was in accordance with the orders and directions of the State Board of Education, who had by regulation fixed the institutions, naming them, whose graduates were exempt from examination, under sec. 1200, of the Code of Laws of S. C., vol. I.; that the list of these names did not include that of the petitioner, Greenville College for Women, and these respondents are advised that the said State Board of Education, in making this regulation, acted within the scope of their duties and powers.

"(2) That if the petitioners, or any of them, were in any manner aggrieved by the action of the county board of education of Greenville County complained of, they had full, complete and adequate remedy provided by law without aid of a writ of *mandamus,* by an appeal from the said action of the county board of education to the State Board of Education through the county board of education made in writing and distinctly setting forth the question of law as well as the facts of the case, upon which the appeal was taken, and the decision of the State Board of Education shall be final upon the matter at issue, and that such appeal was never taken."

Sec. 1200, of the Code of Laws, contains the following provisions: "The county board of education shall examine all candidates for the position of teacher, and give to each person found qualified a certificate, setting forth the branches of learning he or she may be capable of teaching, and the percentage attained in each branch; said certificate to be valid for a term of two years, unless sooner revoked, and it may be renewed with or without examination, at the discretion of

the board, all of which shall be done under such regulations as the State Board of Education may prescribe. No teacher shall be employed in any of the free public schools without a certificate from the county board of education or the State Board of Education: *Provided,* That no examination as to qualification shall be made in the case of any applicant who produces a full diploma from any chartered college or university of this State or Memminger Normal School of Charleston, and furnishes satisfactory evidence of good moral character."

In construing said section, his Honor said: "Neither the State Board of Education nor any county board of education is clothed with any discretionary power or right whatsoever under the *proviso, supra.* Under that *proviso,* it is a conclusive legal presumption that any college chartered under the laws of this State has such a standard of scholarship as shall qualify its graduates, producing full diplomas, to teach in the public schools of this State, satisfactory evidence of the good moral character of any applicant being furnished.

"By section 1184, Civil Code, certain general powers are conferred upon the State Board of Education; but it is declared therein that the 'rules and regulations' to be adopted 'for the government of free public schools' of the State 'shall not be inconsistent with the laws of the State * * *' The provisions of this section cannot convert into a discretionary power the ministerial duty required by the *proviso* of section 1200, *supra.*"

The first assignment of error that will be considered is, whether the Circuit Judge erred in overruling the objection, that proceedings in mandamus were not appropriate, as the petitioner had an adequate remedy under the statute.

Section 1183 of the Code of Laws provides that "the State Board of Education * * * shall have power to review on appeal, all decisions of the county boards of education, as hereinafter provided for. Appeals to the State Board of Education must be made in writing through the county board of education, and must distinctly set forth the

question of law as well as the facts of the case upon which the appeal is taken, and the decisions of the State Board shall be final upon the matter at issue."

Section 1203 of the Code of Laws is as follows: "The county board of education shall constitute * * * a tribunal for determining any matter of local controversy in reference to the construction or administration of the school laws, with the power to summon witnesses and take testimony if necessary; and when they have made a decision said decision shall be binding upon the parties to the controversy: *Provided*, That either of the parties shall have the right to appeal to the State Board of Education, and said appeal shall be made through the county board of education in writing, and shall distinctly set forth the question in dispute, the decision of the county board and the testimony as agreed upon by the parties to the controversy, or if they fail to agree, upon the testimony as reported by the county board."

The cases of *State ex rel. Williams* v. *Hiers*, 51 S. C., 388, 29 S. E., 89; *State ex rel. Bryson* v. *Daniel*, 52 S. C., 201, 29 S. E., 633, and *Sligh* v. *Bowers*, 62 S. C., 409, show that the petitioner has another adequate remedy, and, therefore, that she did not have the right to resort to proceedings in mandamus.

These cases are not in conflict with *Hughs* v. *School District*, 66 S. C., 259, 40 S. E., 885, in which the Court uses this language: "The case before us, however, is not a 'matter of local controversy in reference to the construction or administration of school laws,' and does not come within the rules stated in *State* v. *Hiers*, 51 S. C., 388, 29 S. E., 89, and *State* v. *Daniel*, 52 S. C., 201, 29 S. E., 633. This case is for damages for breach of contract. Sec. 1205, Code 1902, provides that organized school districts 'may sue and be sued and be capable of contracting and being contracted with, to the extent of their school fund.' And by sec. 15, art. V., Courts of Common Pleas have jurisdiction 'in all civil cases.' "

Not only is there the difference arising from the fact that the proceedings under consideration relate to a similar "matter of local controversy in reference to the construction or administration of school laws," but the petitioner herein seeks the extraordinary remedy of mandamus, while in the Hughs case, there was an action in a court of general jurisdiction, where the question as to another adequate remedy could not be successfully urged.

Having reached the conclusion that mandamus is not the petitioner's appropriate remedy, the merits of the controversy are not properly before this Court for consideration.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.