## 9020

### ROUSE v. BENTON *ET AL.*

(84 S. E. 533.)

1. MANDAMUS—GROUNDS—REMEDY INEFFECTUAL.—Mandamus will not
issue to compel a county superintendent to approve a warrant, where
it does not appear that the county treasurer has sufficient funds to
pay it.

2. SCHOOLS AND SCHOOL DISTRICTS—POWERS OF SCHOOL BOARD—CON-
TRACTS.—A county board of education could not enter into a contract
with the board of an adjoining county for the joint conduct of a
school, which would bind the successors of the boards to maintain the
school.

Before MEMMINGER, J., Ridgeland, May, 1914. Re-
versed.

· Petition for writ of mandamus by J. W. Rouse, as
county superintendent of education for Hampton county
and school district No. 21, of Hampton county, the State of
South Carolina, petitioners against J. B. Benton, as county
superintendent of education for Jasper county, and as a
member of the county board of education for Jasper county,
and C. M. Jaudon and T. W. Malphrus, as members of the
county board of education for Jasper county, respondents.

The order, granting writ, was as follows:

On the 21st of April, 1914, his Honor, Judge H. F. Rice,
issued a rule in this cause based upon the verified petition,
requiring the respondents to show cause before me on the
11th day of May, 1914, why the prayer of the petition
should not be granted.

The prayer was for a writ of mandamus for certain
relief and the demand therefor was based upon the follow-
ing facts set out in the petition:

In the year 1912 Jasper county was formed by cutting
off portions of Beaufort and Hampton counties.   The line

FOOTNOTE.—As to the power of boards to make contracts beyond their
own terms, see note in 27 L. R. A. (N. S.) 652.

on the Hampton side cut into school district No. 21, of Hampton county, the State of South Carolina, leaving a portion of said district in Hampton county, and a portion in Jasper county. This new state of affairs was met and disposed of to the satisfaction of the county boards of education for both Jasper and Hampton counties by an agreement to run and operate School District No. 21 jointly. This agreement was in writing and is a part of the petition. During the scholastic year of 1912-1913, Jasper county paid over to this school district a satisfactory portion of the expenses of the district. The Hampton county school board went forward with their work in the district for the scholastic year of 1913-1914, feeling that Jasper county would contribute its part of the expenses of the district as in the previous year. On the 24th of January, 1914, certain warrants were drawn on the fund supposed to be in Jasper county to meet the expenses of the district, and the superintendent of education for Jasper county refused to honor same. The petitioners complain that the interests of the school have been embarrassed by the actions of the county board of education for Jasper county.

The respondents appeared before me, represented by H. K. Purdy, Esq., and made return to the rule. The allegations of the petition are all admitted except certain portions of paragraphs 7 and 9, which facts are not material to the case.

As a further defense to the petition, the respondents set forth the facts that on September 1, 1913, they passed a resolution discontinuing the agreement to run said school district jointly with Hampton, and annexed that part of said school district in Jasper county to Gray's school district. Further, that they have built a schoolhouse at a cost of $160 and spent $150 for services of a teacher. Further, that the auditor's books for Jasper county show that from that portion of Furman school district in Jasper county the school taxes amount to $446.30.

Upon the whole case, it appears to me that it was the plain mandatory duty of the county board of education for Jasper county to continue to run and operate this school district jointly with Hampton county until the proper steps were taken under the law to dissolve the school district, irrespective of the agreement entered into. It was their duty to pay into the fund for expenses of the district all taxes collected from that portion of the district lying in Jasper county until the districts were legally dissolved. The statute requires the county superintendent of education to apportion the school funds as shown by the treasurer's report among the school districts in his county. In this case the superintendent in Jasper county should have apportioned and set apart for the expenses of the school district in question the sum of $446.30, or so much thereof as was collected by the treasurer. Likewise, under the law, and especially under the agreement in question, it was his plain duty to honor the warrants drawn by the trustees of the said school district (unless he had reason to believe that the said warrants were not proper, and there was no such contention made before me) to the extent of the fund apportioned for that purpose.

Counsel for the respondents admitted on argument that his clients were willing, and recognized their duty, to pay whatever part of the expenses of said school that are properly chargeable to Jasper county. It was admitted that some of the pupils attending the school at Furman come from Jasper county, and that they were willing to bear the proportionate part of the expenses of the school that the number of children from Jasper county bore to the number from Hampton county.

This is not the test. The taxes raised for school purposes, including the special four mill tax for this particular district, whatever be the amount, is the true amount that county must contribute to the expenses of the school of the Furman school district.

Upon consideration of the facts and circumstances, it is ordered that J. B. Benton, as county superintendent of education for Jasper county, do forthwith proceed to apportion upon his books for school district No. 21, of Hampton county, the State of South Carolina, whatever sum is shown to have been collected by the county treasurer for Jasper county out of the sum of $446.30 as shown by the auditor's books to be the school taxes for that portion of said school district, and that said J. B. Benton do notify the county superintendent of Hampton county, J. W. Rouse, of the amount of money thus apportioned.

Further ordered, that said J. B. Benton do approve for payment all legal and proper warrants drawn by the trustees of said school district to the amount apportioned for said district.

The respondents appealed on the following exceptions:

I. His Honor erred in overruling respondents' demurrer to the petition, which demurrer was as follows: In that the petitioners have an adequate remedy by appeal to the State board of education. Whereas, it is respectfully submitted that his Honor should have sustained the demurrer and dismissed the petition.

II. His Honor erred in overruling respondents' demurrer to the petition, which demurrer was as follows: In that the approval or disapproval of the school warrants is within the discretion of the respondents. Whereas, it is respectfully submitted that his Honor should have sustained the demurrer and dismissed the petition.

III. His Honor erred in overruling respondents' demurrer to the petition, which demurrer was as follows: In that the formation of said district was irregular and not formed according to law. Whereas, it is respectfully submitted that his Honor should have sustained the demurrer and dimissed the petition.

IV. His Honor erred in overruling respondents' demurrer to the petition, which demurrer was as follows: In that the petition does not show the proper and proportionate amounts. Whereas, it is respectfully submitted that his Honor should have sustained the demurrer and dismissed the petition.

V. His Honor erred in holding that respondents' return did not state the defense, which defense was as follows: Respondents allege that at their regular meeting on September 1, 1913, they passed a resolution discontinuing said agreement as ascribed in the petition herein, and annexed that part of Furman school district that is situated in Jasper county to Grays school district. That the respondents, since passing said resolution, have erected a schoolhouse at a cost of one hundred and sixty ($160.00) dollars, and have paid a teacher the sum of one hundred and fifty ($150.00) dollars for the benefit of the part of Furman school district that is situated in Jasper county. That the school taxes, as shown by the auditor's books for Furman district for the year 1913-1914 are four hundred forty-six and 30-100 ($446.30) dollars. Whereas, it is respectfully submitted that the allegations above made out a complete defense, and his Honor should have so held and dismissed the petition.

VI. His Honor erred in ordering J. B. Benton, as county superintendent of education of Jasper county, to apportion upon his books for school district No. 21 of Hampton county whatever sum is shown to have been collected by the county treasurer for Jasper county out of the sum of $446.30, as shown by the auditor's books to be the amount of school taxes due from that portion of Furman district that is situated in Jasper county. Whereas, it is respectfully submitted that it is entirely within the discretion of the county superintendent of education as to the apportionment of the constitutional three mill tax.

*Mr. H. Klugh Purdy,* for appellant, cites: 75 S. C. 93; 51 S. C. 388. *Civil Code:* Secs. 1736, 1738; 80 S. C. 127; 29 S. E. 89 and 633.

*Mr. J. W. Vincent,* for respondent.

March 3, 1915.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an appeal from an order of his Honor, Judge Memminger, granting a writ of mandamus as prayed for by the petitioners, and his order sets forth the facts of the case practically and will be reported. Upon call of the case in this Court a motion to dismiss the appeal was duly made and argued, this motion is overruled and refused. Exceptions one and two impute error on the part of his Honor in not sustaining the demurrer to the petition on the ground that the petitioners had a plain and adequate remedy by appeal to the State board of education and in deciding that the approval or disapproval of a school warrant was not in the discretion of a superintendent of education. The facts of this whole case show that it is an attempt to compel the superintendent of Jasper county to approve and honor a claim approved by the trustees of Hampton county school district No. 21. There was an agreement made by the board of education of Hampton and Jasper counties to run the school jointly and it was so run during the scholastic year 1912-1913 satisfactorily, but in September, 1913, the respondents (appellants here) passed a resolution discontinuing the agreement to run the school jointly with Hampton county and annexed it to Grays school district in Jasper county, and erected a school building at a cost of $160, and paid a teacher $150, and the taxes for that district was $446.30.

We do not think under the cases of *Ex parte Greenville College,* 75 S. C. 93, 55 S. E. 132, and *Hughes* v. *School*

*District*, 66 S. C. 259, 40 S. E. 885, that the petitioners are entitled to the extraordinary remedy of mandamus; especially in view of the fact that it does not appear that the county treasurer had in his hands sufficient funds applicable to this fund to pay the same, and in view of the fact that the agreement made in the first instance to run the school jointly 1912-1913 could not bind the successors in office of the board of education of the two counties for the year 1913-1914, and they had the right not to renew the agreement, which it appears they did in September, 1913, all of which is alleged as error on the part of his Honor in the other exceptions in the case. The order appealed from must be reversed, but inasmuch as the respondents (appellants here) admit that they are willing and recognize their duty to pay whatever part of the expenses of school that are properly chargeable to Jasper county and admit that some of the pupils attending the school were from Jasper county and are willing to pay the proportionate part of the expenses of the school that the number of children from Jasper county bore to the number of Hampton county, the case will have to be remanded to ascertain what this will be; unless the parties arrive at an arrangement by agreement that evidence be taken to establish what the facts are on this point.

Reversed and remanded.