9327

SARRATT ET AL. v. CASH ET AL., BOARD OF SCHOOL TRUSTEES.

(88 S. E. 256.)

1. SCHOOLS AND SCHOOL DISTRICTS—LOCATION OF SCHOOL BUILDING—DISCRETION OF TRUSTEES—REPRESENTATIONS TO ELECTORS—STATUTE.—Under Civil Code 1912, sec. 1761, binding trustees of a school district in providing schoolhouses to exercise their discretion and judgment "so as best to promote the educational interests of their district," trustees of a district, who, to induce electors to petition for an election on the question of a bond issue to build a new schoolhouse, represented that it would be located on a certain site, did not divest themselves of their right freely to exercise their discretion as to the location of the building when they were required to act as a body in finally determining the matter, the electors being presumed to have known the fact, and having no legal right to rely upon the representations or be influenced by them.

2. INJUNCTION — LOCATION OF BUILDING — DISCRETION OF TRUSTEES — REVIEW.—The action of school district trustees in exercising their discretion in regard to the location of a school building is not subject to interference by the Court, unless so far unsupported by reason as to be arbitrary or capricious, so that, in an action to enjoin a particular location, plaintiffs were not entitled to the judgment of the referees or the Court on the question of the wisdom of location chosen by the trustees.

3. REFERENCE—FAILURE TO FIND—IMPROPER FINDINGS—FINDINGS BY COURT.—Where referees make no findings on issues made by the pleadings and evidence, or where their findings have been influenced by errors of law, the Court need not recommit the case for findings, or for new findings, but may, unless the questions have been

foreclosed by the failure to file exceptions, find the facts from the evidence reported, since the purpose of a reference is merely to aid the Court in deciding the issues.

Before SEASE, J., Gaffney, January, 1915.    Affirmed.

Action by R. C. Sarratt and others against E. R. Cash and others, Board of Trustees of School District No. 10 of Cherokee county.    From a judgment for defendants, plaintiffs appeal.

*Messrs. G. W. Speer* and *Sanders & DePass,* for appellants, submit: *Referees should have passed upon question of location:* 38 S. C. 158.

*Messrs. Butler & Hall* and *Dobson & Vassy*, for respondents, cite: *As to findings of referees:* 12 S. C. 158; 20 S. C. 282; 57 S. C. 530.    *Official discretion:* Civil Code, sec. 1761; 1 Enc. L. 993; 23 *Ib.* 365; 1 Cyc. 974, 975; 209 Mass. 259; 95 N. E. 504; 23 Anno. Cas. 495; 29 Cyc. 901; 31 *Ib.* 1425.    *As to findings of fact by referees:* 20 S. C. 282; 12 S. C. 154; 57 S. C. 530.

March 13, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This action was brought to enjoin the trustees of school district No. 10, of Cherokee county, from locating a school building on a certain lot in the city of Gaffney.

In 1913 it became apparent that the educational interests of the district required the erection of an additional school building.    The trustees appointed a committee to inquire and report as to the best location for it, and to secure options on desirable lots, and to circulate a petition for an election on the question of issuing bonds for that purpose.    The committee obtained options on several lots in the west end of the city, and a petition upon which an election was

ordered, which resulted in favor of issuing bonds, the proceeds of which are held by the trustees awaiting the result of this litigation.

After the money was in hand, the trustees decided to build on a lot, known as the Smith lot, which they contracted to buy. This lot is near the business center of the city, and about the same distance from the two existing school buildings.

In addition to the facts above stated, which are undisputed, the allegations upon which plaintiffs seek the injunction, omitting unnecessary details, are: That the demand for the new building arose out of the inconvenience to the children of the west end in attending the present schools, on account of the distance from their homes, for remedy of which it was decided to erect another building in the west end; that, when the committee carried around the petition for the election, they represented to the electors that the new building would be located in the west end; that but for this representation, a sufficient petition would not have been obtained, and the election would have resulted against the issuing of bonds; that the best interests of the district require the location of the new building in the west end, and, in deciding to locate it on the Smith lot, the trustees abused their discretion, for numerous reasons stated.

These allegations were denied by the trustees, who allege that, if the representations as to the location of the building were made, they were made without their authority; and they set forth numerous reasons why, in their judgment, the Smith lot was more desirable and suitable for the location of the new building, and why its location there will be for the best interests of the district as a whole.

All the issues were referred to three members of the bar —Mr. W. W. Lewis, of York, and Messrs. Geo. W. Nicholls and R. K. Carson, of Spartanburg. The referees held that the alleged representations of the committee as to the location of the building could not avail plaintiffs in this action,

and that testimony upon that issue was irrelevant, but that all testimony offered would be taken and reported to the Court, as excluded testimony; that since the statutes make the official conduct of the trustees subject to the supervision and orders of the county board of education, and give the right of appeal to that board, the Court has no jurisdiction of the action; that, if the Court has jurisdiction, the burden is upon plaintiffs to prove, by such clear preponderance and overwhelming weight of evidence as to make it apparent, that the trustees exercised bad judgment and abused their discretion to such an extent as almost amounts to bad faith on their part; and, that, upon consideration of the testimony, it did not warrant the finding that the trustees had abused their discretion.

On exceptions to the report, the Court overruled the conclusion of the referees as to the jurisdiction of the Court and as to the measure of proof required of plaintiffs, and held that they were required to prove their case only by the preponderance of the evidence, and confirmed the report in all other respects. Upon its own consideration of the testimony, the Court found that plaintiffs had failed to prove the allegations of their complaint by the greater weight of evidence, and dismissed the complaint.

The question of jurisdiction has not been raised by either side in this Court. As the issues on the merits are of public interest, and as it has been made to appear to this Court that the interests of the school district are suffering, and an early settlement of the controversy is desired by all concerned, the Court is not inclined, of its own motion, to raise the question of jurisdiction. This must not be taken, however, as impliedly sanctioning the holding of the Court below upon that question, or as an intimation to the contrary. But, as to whether plaintiffs had a plain and adequate remedy under the statutes, see *Ex parte Greenville College,* 75 S. C. 93, 55 S. E. 132.

Confirmation of the report of the referees in all respects, except those mentioned, necessarily carried with it confirmation of their ruling, that testimony as to the alleged misrepresentations was irrelevant. The finding of the Court that plaintiffs failed to prove the allegations of their complaint by the preponderance of evidence may have included the finding that they failed to prove the allegation as to the representations of the committee and the effect thereof; but, as these allegations were held to be irrelevant and as there is no such specific finding, the testimony in support of them may not have been considered; and, as it does not clearly appear whether it was or not, and as appellants assign error in respect of the ruling, the relevancy of the allegations will be considered.

Assuming, then, as we must for the purpose of this inquiry, that the representations were made with the effect alleged, the question is: Should that preclude the trustees from now exercising the judgment and discretion vested in them by law to locate the building where they believed it ought to be located to best subserve the educational interests of the district as a whole? Or, stating the proposition differently, must they now, because of those representations, abuse their discretion by locating the building where, in their judgment, it will not be for the best interests of the district? They are bound, under the statute and their oath of office, to exercise their discretion and judgment, in the language of the statute (Civ. Code, section 1761), "so as best to promote the educational interests of their district." This power and duty is continuing and inalienable. They could not, therefore, bind themselves by promises or representation, so as to divest themselves of the right to a free and untrammeled exercise of their judgment and discretion for the best interests of their district at the time they were required to act as a body. They may have thought, when the representations were made, that it would be best to locate the building in the west

end; but, upon further consideration of the matter, in the light of new reasons suggested by some of their body or others, they may have changed their minds; if so, they not only had the power, but it was their duty to themselves and to the district to do so. It would be contrary to public policy to allow public officers who are charged with the duty of exercising their judgment and discretion for the benefit of the whole district to bind or fetter themselves by promise or representation to individuals or to electors of a section of the district so that they could not, at all times, act freely and impartially for the benefit of the whole district. The power was conferred upon them for public purposes, and it could not be lawfully bartered away to influence signatures to the petition or votes in the election. The electors are presumed to have known this. Therefore they had no legal right to rely upon the alleged representations, or to be influenced by them in signing the petition or in voting in the election.

With regard to the interference by the Courts with the exercise of discretion vested by law in individuals or bodies, and the measure of proof required to sustain allegations of abuse of discretion, the rule is thus stated in *Clarkson* v. *Supreme Lodge,* 99 S. C. 134, 141, 82 S. E. 1043, 1045:

"When the exercise of judgment and discretion is vested, either by law or contract, in an individual or governing body, a reservation is implied that it must be exercised in good faith and reasonably. In determining whether it has been so exercised, the Court will not substitute its judgment for that of the individual or body in whom the discretion has been vested. In such a case, the inquiry is: Does the action under consideration fail to measure up to any fair test of reason? If the facts and circumstances are such that reasonable men may differ as to the wisdom and expediency thereof, the judgment and discretion of those vested with authority to decide must be upheld. It follows that a

very clear case of abuse of discretion must be made out to warrant judicial interference."

Under this rule, the referees were not called upon to decide whether or not, in their judgment, the action of the trustees was for the best interests of the district. The referees were not to exercise their judgment and discretion in the matter, or to substitute it for that of the trustees. Therefore, plaintiffs were not entitled to an expression of the judgment of the referees or the Court upon that question. The question for the referees and the Court was whether the action of the trustees was so far unsupported by reason as to be arbitrary or capricious. As was said, in the case above cited, if the facts and circumstances are such that reasonable men may differ as to the wisdom and expediency of the action taken, the judgment and discretion of those vested with authority to decide must be upheld.

The next contention is that the Court erred in passing directly upon the question, whether plaintiffs had established the allegations of their complaint by the preponderance of the evidence. The point of this contention is that plaintiffs were entitled to the judgment of the referees upon that question before the Court could rightfully pass upon it. In this appellants err. The purpose of a reference is merely to aid the Court in deciding the issues. Therefore, where referees make no findings on issues made by the pleadings and evidence, or where their findings have been influenced by errors of law, the Court is not required to recommit the case for such findings, or for new findings, in the light of correct rules, but may, unless the questions have been foreclosed by the failure to file exceptions, find the facts from the evidence reported. In such matters the Court has wide discretion.

Judgment affirmed.