## 9325

*EX PARTE* SARRATT *ET AL.*

SPARKS *ET AL* v. CASH *ET AL.,* BOARD OF SCHOOL TRUS-
TEES.

(88 S. E. 259.)

Schools and School Districts—Location of School Building—Dis-
cretion of Trustees—Agreement With Electors—Statute.—Under
Civil Code 1912, sec. 1761, binding trustees of a school district in
providing schoolhouses to exercise their discretion and judgment
"so as best to promote the educational interests of their district,"
electors of a school district, with whom the trustees agreed in writ-
ing to leave the location of a new school building to a vote of the
electors of the district, had no legal rights under the agreement
which the trustees were bound in law to respect or which could be
enforced, since the trustees could not lawfully divest themselves of
the power to exercise their own judgment, nor could they delegate
the power to the electors.

Before Wilson, J., Gaffney, October, 1915. Affirmed.

Action by C. A. Sparks and others against E. R. Cash
and others, Board of Trustees of School District No. 10 of
Cherokee county, in which R. C. Sarratt and others prayed
to be made parties, which was refused. From the refusal,
petitioners appeal.

*Messrs. G. W. Speer* and *Sanders & DePass,* for appel-
lants, cite: *As to abuse of discretion:* 80 S. E. 470; 84 S. E.
876. *Parties:* Code Civ. Proc., secs. 166 and 167; 58 S.
E. 931; 1 Bailey 13; 15 Enc. Pl. & Pr. 528; 51 S. E. 272;
Pom. Eq. Juris., sec. 181. *Final judgment should not be
rendered on ex parte showing:* 32 S. C. 503; 2 High Injunc-
tions (3d ed.), secs. 1509, 1511 and 1512; 29 S. E. 202.

*Mr. J. B. Bell,* for respondents.

Footnote.—As to the validity of contract with reference to location of
public buildings, see notes in 4 L. R. A. (N. S.) 589, and 8. A. & E.
Ann. Cas. 484, and case of *Sarratt* v. *Cash, post.*

March 13,1916 .

The opinion of the Court was delivered by Mr. Justice Hydrick.

On September 9, 1915, pending the appeal to this Court in the case of *R. C. Sarratt et al.* v. *E. R. Cash et al.,* 103 S. C. 531, 88 S. E. 256, in which the opinion is herewith filed, plaintiffs and defendants in that action agreed in writing to leave the location of the new school building to a vote of the electors of the district. The election was held on September 14th, and the majority of the electors voted in favor of locating the building on a lot in the west end of the city of Gaffney, known as the Johnson lot.

On October 8th, this action was commenced against the trustees to have that agreement and the election held thereunder adjudged to be null and void, and to enjoin the trustees from acting under the agreement. A rule was issued requiring the trustees to show cause on October 18th why the relief prayed for should not be granted. In the meantime, the petitioners herein, who are the plaintiffs in the case of *Sarratt* v. *Cash,* and parties to the agreement, filed their petition, praying to be made parties to this action against the trustees in order that they might sustain the agreement and the election. The Court refused the petition, and, the trustees having made no return to the rule, the Court adjudged the agreement and election null and void, but did not enjoin the trustees from acting under the agreement. From the refusal to require them to be made parties, the petitioners appealed.

There was no error in refusing the petition, because the petitioners have no legal rights under the agreement which the trustees are bound in law to respect, or which the Court can enforce. In *Sarratt* v. *Cash* we decided that the trustees could not bind themselves by promise or representation as to the location of the building, nor can they do so by such an agreement as that alleged. They cannot lawfully divest themselves, in any such manner, of the power and duty

vested in them by law to exercise their own judgment and discretion for the best interest of the district, nor can they delegate that power to the electors of the district. Mechem on Public Officers, sec. 567; 23 A. & E. Ency. L. 365; 29 Cyc. 1432. If the result of the election serves to enlighten their conscience and judgment, they may act upon it, but their action must be the result of their own judgment and discretion; that as a Judge in equity may take the verdict of a jury on issues of fact to enlighten his conscience, but he must, nevertheless, base his decree upon his own findings of the facts, *Railroad Co.* v. *Earle,* 12 S. C. 54. So, here, it is the duty of the trustees to locate the building where, according to their own judgment and discretion, as they may be now advised, it will "best promote the educational interests of their district."

Appeal dismissed.