### 10854

#### POOLE *ET AL.* v. BAGWELL *ET AL.*

#### (111 S. E. 788)

SCHOOLS AND SCHOOL DISTRICTS—STATE BOARD ACTS AS APPELLATE TRI-
BUNAL IN LOCATING SITES, AND MAY NOT INVESTIGATE OUTSIDE
RECORD PRESENTED.—The State Board of Education, in considering
an appeal from a decision of a County Board of Education which
affirmed the action of district trustees in locating a schoolhouse,
acts as an appellate tribunal; and, where such State Board acted
on a personal investigation by one of its members an ex parte
statement of a prominent educator from the locality interested,
and not on the record as presented to it, it acted without author-
ity, in view of Civ. Code 1912, §§ 1707, 1736.

Original proceeding by W. D. Poole and others, Trustees of Zion School District, in certiorari to review the action of the State Board of Education in reversing a decision of a County Board of Education on the appeal of Charles Bagwell and others, taxpayers, locating a schoolhouse. Decision of State Board reversed.

*Messrs Boyd & Brown,* for petitioners, cite: *Certiorari proper proceeding:* 86 S. C., 541. *State Board is appellate tribunal and can consider only issues of law:* 1 Civ. Code 1912, Secs. 1707, 1736. *Province of District Board to locate school:* 1 Civ. Code 1912, Sec. 1761. *Discretion of local board cannot be delegated or usurped:* 103 S. C., 531.

*Messrs. Evans & Galbraith,* for respondents, cite: *County Boards of Education under supervision of the State Board*: 52 S. C., 204. *Decision of State Board has conclusive quality of a judgment*: 31 A. R. L., 169. *Discretion must be exercised reasonably and in good faith*: 103 S. E., 536. *Decision of State Board final*: 114 S. C., 169.

April 11, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Ceriorari proceedings in the original jurisdiction of this Court to review the action of the State Board of Education on an appeal by the respondents herein from the action of the County Board of Education in reference to the location of a schoolhouse in Zion School District.

The local trustees unanimously selected a certain location; the opponents appealed to the County Board of Education; this board confirmed the action of the trustees; the opponents then appealed to the State Board. The latter acted, not upon the record for appeal, but sent one of their members upon a tour of personal investigation. He made a report favoring the location insisted upon by the opponents of the location selected by the trustees and approved by the County Board. The State Board, evidently acting upon this report and an ex parte statement of a distinguished educator of that county, reversed the action of the County Board of Education.

The State Board of Education is an appellate tribunal in such matters and is limited to the questions raised as they appear in the record for appeal. Sections 1707, 1736, Vol. 1, Code of Laws, A. D. 1912. They were without power to make an independent investigation of their own. *Sarratt v. Cash,* 103 S. C., 531; 88 S. E., 256. Upon the record before them the action of the County Board should have been sustained.

The judgment of this Court is that the action of the State Board of Education under review be reversed, and that of the County Board of Education be sustained.