23434

Clara GAMBLE, Myrtle Wilson, Florine White, Eva T. Seabrooks, Martha Conyers, Lonnie B. Tisdale, Alberta Morris, Jeffrey McGill, Lucille Fluitt, Melvin White, Jr., Bobby J. McClary, Theodore D. Harvin, Jr., Doris Elliot, Edward McKnight, Annie M. Chandler and Betty Elliott, Appellants v. WILLIAMSBURG COUNTY SCHOOL DISTRICT, a Body corporate, Williamsburg County School Board of Trustees, Burlie Joe, Ronnie Sabb, Barbara Geddebekku, Ted Welsh, Al White, Veronica McClary, John Doe Ellis individually and as members of the Board of Trustees, Floride Martin, Superintendent of the Williamsburg County Schools for Williamsburg County, State of South Carolina, Respondents.

(408 S.E. (2d) 217)

Supreme Court

*Brenda Reddix-Smalls,* Columbia, *for appellants.*

*Bruce E. Davis,* of Camden, and *James B. Richardson, Jr.,* of *Svalina Richardson & Smith,* Columbia, *for respondents.*

Heard May 20, 1991.

Decided July 22, 1991.

GREGORY, Chief Justice:

This appeal is from an order granting respondents' motion for an involuntary nonsuit under Rule 41(b). SCRCP. We affirm.

In April 1989, respondent Williamsburg County School Board of Trustees (Board) voted to close Williamsburg-Blakely High School and transfer its students to high schools in Greeleyville and Kingstree. The Board further voted to transfer all the students from the Blakely-Williamsburg Elementary School to the vacated high school facility and to close the elementary school building.

Appellants, who are parents of affected students, commenced this action alleging respondents had "breached their statutory duty to provide an adequate education for the children of Williamsburg County" and seeking reversal of the Board's decision regarding the two schools.

Appeal of a decision by a district school board whether to operate a school is governed by S.C. Code Ann. § 59-19-580 (1990) which provides for direct appeal to the circuit court limited to questions of law. The question of law presented here is whether the Board abused its discretion in closing the elementary school and transferring the students from the elementary and high schools to different facilities.

The record indicates the elementary school building was evaluated by the State Department of Education as unacceptable. It needed extensive repairs requiring funds beyond the Board's capacity to expend nor could the Board afford to build a new elementary school. The superintendent of schools recommended to the Board consolidating the four Williamsburg

County high schools into three, transferring the Williamsburg-Blakely High School students, and using the vacated high school as an elementary school. This consolidation would result in a savings of $322,000 in eliminated salaries and fringe benefits which could be used to renovate the high school building for use by the elementary school students. The superintendent further testified the high school students would benefit from the enlarged curricula offered at the larger high schools.

After several meetings with parent groups, the Board voted to accept the school administration's recommendation. Subsequently, the needed repairs were made to the former high school which now operates as an elementary school. The only evidence of a disadvantage to students was that some have farther to travel by bus. Some children, however, especially the elementary students, have less travel under the new scheme.

S.C. Code Ann. § 59-19-90 enumerates the Board's functions including the following:

(1) *Provide schoolhouses.* Provide suitable schoolhouses in its district and make them comfortable, paying due regard to any schoolhouse already built or site procured, as well as to all other circumstances proper to be considered so as best to promote the educational interest of the districts.

(5) *Control school property.* Take care of, manage and control the school property of the district.

(9) *Transfer and assign pupils.* Transfer any pupil from one school to another as to promote the best interests of education, and determine the school within its district in which any pupil shall enroll.

In determining whether the Board properly exercised its discretion under this statute, the inquiry is whether the action under consideration measures up to any fair test of reason. *Sarratt v. Cash,* 103 S.C. 531, 88 S.E. 256 (1916). If the facts and circumstances are such that reasonable men may differ as to the wisdom and expediency of the decision, the decision must be upheld. *Id.* A clear abuse of discretion is required to warrant judicial interference. *Id.*

We hold the circuit court properly found the Board did not abuse its discretion under this standard of review. Accordingly, the judgment of the circuit court is

Affirmed.

HARWELL, FINNEY and TOAL, JJ., concur. GARDNER, Acting Associate Justice, concurs.